311 So.2d 307

**Fred Bryan SIMPSON, District Attorney of the Twenty-Third Judicial Circuit**

v.

**ALABAMA STATE BAR and L. Drew Redden, President of the Board of Com'rs. of the Alabama State Bar, et al.**

**SC 867.**

Supreme Court of Alabama.

April 10, 1975.

⚖14

William H. Morrow, Jr., Gen. Counsel, Alabama State Bar, Montgomery, for appellees.

Jack Giles, Huntsville, for appellant.

John David Whetstone, Montgomery, for Ala. Dist. Attys. Assn., amicus curiae.

William J. Baxley, Atty. Gen., and George W. Royer, Jr., Asst. Atty. Gen., for the State of Alabama, amicus curiae.

SHORES, Justice.*

Appellant, Fred Bryan Simpson, filed a Petition for Writ of Prohibition in the Circuit Court of Montgomery County, naming the Alabama State Bar and certain individuals, as officers thereof, as defendants.

The petition alleged that on the 30th day of July, 1971, the Grievance Committee of the Huntsville-Madison County Bar Association had found probable cause for believing that petitioner, Simpson, violated Rules A2. and A36. of the Rules Governing the Conduct of Attorneys in Alabama, which Rules provided:

> "'It shall be the duty of all persons heretofore or hereafter admitted to practice law in the State of Alabama
> . . . .
>
> "[2.] 'To maintain the respect due to the judicial officers and the Courts of Justice, State or Federal, within the State of Alabama.'"

The petition alleged that the Board of Commissioners of the Alabama State Bar did not have jurisdiction to discipline or disbar Fred Bryan Simpson, the District Attorney of the Twenty-Third Judicial Circuit. The petition asked that a hearing be set to determine whether the writ of prohibition should issue prohibiting the Board of Commissioners of the Alabama State Bar from proceeding any further with the disciplinary action agaist Simpson.

The facts were stipulated and the case was submitted to the Circuit Court of Montgomery County, which entered its order denying the writ.

The issue presented is whether a district attorney, while serving a term of office, can be disciplined by the Board of Com-

---

* This case was originally assigned to another justice of this court, since retired. It has been reassigned to the writer, not a member of this court at time of submission, who has carefully listened to the tape recordings of oral argument. Code of Alabama, Title 13, § 7; Alonzo v. State ex rel. Booth, 283 Ala. 607, 219 So.2d 858.

missioners of the Alabama State Bar for alleged violation of the Rules Governing the Conduct of Attorneys, which were in effect at the time of the commission of the act charged. The trial court, citing Alabama State Bar ex rel. Steiner v. Moore, 282 Ala. 562, 213 So.2d 404 (1968), and Alabama State Bar ex rel. Steiner v. Aderholt, 283 Ala. 436, 218 So.2d 149 (1969), held that:

"A district attorney is clearly a constitution [sic] officer of the State of Alabama, and we believe that the reasoning of the Moore and Aderholt cases would apply equally as well to a district attorney.

"The next inquiry would be whether the actions of the district attorney in calling press conferences and criticizing in rather strong language the actions of a judge could be considered as actions in his 'official capacity as district attorney.' The duties and authority of district attorneys (circuit solicitors) is codified in Article 7, Title 13, of the 1940 Code of Alabama, as amended. Nowhere in this article is found any duty, obligation, or authority to call press conferences and give information to the va[r]ious news media concerning the disposition of a criminal case. It would appear that District Attorney Simpson in calling or having called a news conference and giving out statements was acting in a private, rather than an official capacity, and thus is not protected by the doctrine of the Moore and Aderholt cases. . . ."

This appeal is from that order.

It is the position of appellant that the Alabama State Bar Association did not have jurisdiction to discipline or disbar a district attorney under the Rules Governing the Conduct of Attorneys. He contends that his position is supported by the Constitution of Alabama and this court's decision in Alabama State Bar v. Moore and Alabama State Bar v. Aderholt, supra.

The Bar Association, on the other hand, contends that Moore and Aderholt are distinguishable from this case on two grounds:

1. The appellant is not charged with a purely official act (as was the case in Moore and Aderholt) but is charged with an extraofficial act, which could have been performed by any duly licensed attorney;

2. In Moore, disbarment was sought; while, in this case, the Bar Association is not seeking to disbar Simpson, and is not seeking a suspension of his license, but, rather, is seeking discipline only consisting of a reprimand, public or private.

We agree with appellant that a district attorney was not subject to discipline by the Board of Bar Commissioners for alleged violation of the Rules Governing the Conduct of Attorneys which were in effect on July 30, 1971.

To qualify for the position of district attorney, one must be admitted to practice law in the State of Alabama. Constitution of Alabama 1901, Article 6, Section 167; Biennial Report of Attorney General, 1934–36, page 416; Opinion of the Justices, 279 Ala. 38, 181 So.2d 105 (1965).

The Code prohibits a district attorney from practicing law except in the discharge of his duties. Tit. 13, § 229(12), Code of Alabama 1940, provides:

"12. All circuit solicitors, deputy circuit solicitors and assistant deputy circuit solicitors shall devote their entire time to the discharge of the duties of their respective offices, and each and every one of such officers are prohibited from practicing law, directly or indirectly, in any court of this state or of the United States, or in any other manner or form whatsoever, except in the discharge of the official duties of their offices."

Constitution of Alabama 1901, Article 7, Section 174, prescribes a manner of removal from office of a district attorney.

The Bar Association was without authority to discipline or disbar a district at-

**56**

torney during the term of his office under the rules of conduct in effect at the time involved here. In that narrow sense, we perceive no difference between a judge and a district attorney. Both, by mandate of the Constitution, must be lawyers; neither may practice law while holding office. Until Amendment 317 to the Constitution of 1901, ratified January 27, 1972, we have found no procedure other than impeachment for dealing with misconduct of judges while serving a term of office. That amendment has been repealed and replaced by the procedure prescribed in Amendment 328, Section 156 et seq., of Article 6 of the Constitution, Pocket Parts, Code of Alabama Recompiled 1958, ratified December 27, 1973. Neither the procedure contained in Amendment 317 nor that presently found in Article 6, Section 156 et seq., was in effect at the time *Moore* and *Aderholt* were decided.

The Board of Bar Commissioners was created by the Legislature in 1923. Act No. 133, General Acts of Alabama 1923, page 100 (now Tit. 46, § 21, Code). The Board was created in aid of this court, which has the inherent jurisdiction to admit attorneys to the practice of law and to suspend or disbar them. The Rules Governing the Conduct of Attorneys administered by the Board of Bar Commissioners were subject to the approval of this court and can be termed court-made rules. Ex parte Thompson, 228 Ala. 113, 152 So. 229 (1933).

This court retains the power to approve or disapprove any rule adopted by the Board of Bar Commissioners governing the conduct of attorneys, to inquire into the merits of any disciplinary proceeding, and to take any action it sees fit in such matters. Ex parte Thompson, supra. But, at the time of the commission of the act complained of here, this court had not formulated or approved any rules governing the conduct of district attorneys, who are constitutional officers.

The question is whether the Rules Governing the Conduct of Attorneys, in effect at the time material in the instant case, were applicable to district attorneys for conduct while in office. All attorneys are officers of the court, exercising a privilege during good behavior; but, in Ex parte Huie, 278 Ala. 330, 334, 178 So.2d 156, 159 (1965), it was held:

" 'The attorney does not hold an office or public trust in the constitutional or statutory sense of that term, but is an officer of the court exercising a privilege or franchise. In a sense he is an officer of the state with an obligation to the public no less significant than his obligation to his clients. It is an office held during good behavior . . .' [Citation Omitted]"

Insofar as the conduct of a district attorney is concerned, the Board of Bar Commissioners was, at the time of the act complained of, without authority to institute or conduct disciplinary proceedings of any kind under the then existing rules governing conduct of attorneys, where the only method of removal then existing was that which the Constitution provided. Under those rules, district attorneys stood in the same posture as did judges at the time *Moore,* supra, was decided. At that time, this court held that the Constitution provided the sole method extant for removal of judges from office. There, we said:

"The issue upon which a disposition of this appeal rests is whether a judge may be disciplined or disbarred by the Board of Bar Commissioners of the State of Alabama during the term in which he is holding office for acts performed in a judicial capacity. Another aspect of the issue is whether a judge, while serving as such, is a member of the State Bar. We believe that better reasoned decisions of courts of other jurisdictions adhere to the principle that the Bar cannot remove or discipline a judge for conduct as such judge acting in his judicial capacity . . ." (282 Ala. at 564, 213 So.2d, at 406.)

We again emphasize that, at the time *Moore*, supra, was written, there was no procedure for disciplining or removing judges other than the constitutional procedure for removal—impeachment. That is no longer the case insofar as judges are concerned. A different procedure has now been formulated; and, in fact, this court now has under consideration, for its approval or disapproval, canons of judicial ethics.

We are compelled to note that, as of October 1, 1974, the Rules Governing the Conduct of Attorneys in Alabama were superseded by the Code of Professional Responsibility of the Alabama State Bar, which Code has been approved by this court. The question of whether a district attorney may be disciplined for violation of this Code of Professional Responsibility is not before us.

We do not mean to suggest that, by the holding herein, district attorneys should ever be held to a lesser degree of professional responsibility than is required of other attorneys or officers of courts. Nor do we condone the action of the district attorney in this case. All attorneys should maintain the highest ethical standards and owe to their profession and the office they hold the highest degree of professionalism. We simply hold that district attorneys were not subject to being disciplined as attorneys by the Board of Bar Commissioners for violation of the old rules governing the conduct of attorneys.

The Bar Association would distinguish the holding in *Moore,* supra, from this case, because the discipline sought to be imposed here is short of disbarment; and, hence, removal from office. We do not see the logic of that reasoning. Either the Bar could discipline a district attorney under the old rules for conduct while in office, or it could not. In fact, *Moore,* supra, held that the Bar was without authority to *discipline* or disbar a judge under those rules.

Further, as the trial court did, the Bar Association would make a distinction between "official" and "nonofficial" acts. The trial court found no authority in the statute prescribing the duties of a district attorney for calling news conferences and concluded, therefore, that such act necessarily was a "nonofficial" act, for which the Bar could discipline. We disagree with this conclusion, and would make no distinction between "official" and "nonofficial" acts, insofar as the Bar Association's authority to discipline a duly elected or appointed district attorney under the old rules during his term of office.

The order appealed from is reversed and one is here rendered in favor of appellant.

Reversed and rendered.

All the Justices concur.