This is an appeal from a judgment dismissing a civil suit filed by Appellant Jones,[1] against Appellee Benton who is the District Attorney for the 26th Judicial Circuit.
The complaint was amended three times and appellant also filed a motion for disqualification or suspension of the District Attorney.
The appellant, who is not an attorney, has represented himself throughout this proceeding. His brief in this Court appears to state appellant's position, but cites no statutes or cases and merely alludes to several rules of the Alabama Rules of Civil Procedure. The brief concludes with the statement that appellant is entitled to a jury trial of the issues.
We have attempted to distill and categorize the rather lengthy allegations of the complaint. It alleges that the appellant has
 1) willfully failed and refused to execute the duties and responsibilities of the office of District Attorney;
 2) diverted various sums of money for his personal use;
3) violated various criminal statutes; and
 4) neglected his official duties while campaigning for the office of State Attorney General.
The appellant sought, inter alia, an injunction prohibiting the appellee from "engaging in activities . . . which would be either unlawful or reasonably calculated to compromise the position and office of trust which he now holds"; an accounting of "all monies that have come into his possession, custody or control as District Attorney"; a judgment for any money the appellee received that he was not entitled to receive; an accounting of all guns, weapons and other items of personal property which came into the appellee's possession, custody and control; and a money judgment against the appellee for $31,655.00. This amount allegedly represents the value of personal property stolen on two separate occasions. The appellant alleged that the appellee failed to investigate or prosecute the parties responsible for the theft.[2]
Insofar as we are able to ascertain, the appellant sought to represent a class of plaintiffs composed of himself and other residents and citizens of Russell County who had a vested constitutional right and *Page 309 
interest in the proper and lawful administration of the appellee's office. The appellant has alleged that former Attorney General William Baxley had abandoned his duty and responsibility and that therefore, the appellant should represent the aforementioned class in the judicial determination of the propriety of the appellee's actions.
The appellee filed a motion to dismiss the complaint and the trial court not only heard arguments on the motion, but also gave the parties an opportunity to file briefs in support of their respective positions. On September 14, 1978, the trial court granted the appellee's motion to dismiss the complaint, finding that "district attorneys, when acting in their capacity as district attorneys" are immune from civil suits.
The appellant contends that the trial court erred in dismissing the complaint without making findings of fact and that the trial court's dismissal deprived the appellant of his day in court, due process of law and equal protection under the law. We consider the trial court's action in dismissing the complaint as an action taken under Rule 12 (b)(6) ARCP, dismissal for failure to state a claim upon which relief can be granted, and we shall treat it accordingly. We agree with the determination of the trial court that the appellant's claims are barred by the judicial immunity doctrine.
To the extent that the appellant has alleged that the appellee has failed to vigorously investigate and prosecute criminal activity in Russell County, the claims are barred by the doctrine of judicial immunity. The United States Supreme Court, in Imbier v. Pachtman, 424 U.S. 409, 96 S.Ct. 984,47 L.Ed.2d 128 (1976), has recently extended absolute immunity from 42 U.S.C. § 1983 (1970) suits to state prosecutors.
In Imbler, supra, the accused was convicted of murder in the state courts. Thereafter, he unsuccessfully sought state habeas corpus relief, but his petition for federal habeas corpus relief was ultimately granted. He then instituted a civil action against the state district attorney and others under42 U.S.C. § 1983, seeking damages for his loss of liberty which he alleged was caused by the unlawful state prosecution. The United States Supreme Court held that a state prosecutor was absolutely immune from civil liability under 42 U.S.C. § 1983, where he initiated a prosecution and presented the State's case. 424 U.S. at 431, 96 S.Ct. at 995.
For the purpose of our decision on this issue, it is not significant that the appellee allegedly has failed to prosecute criminal activity instead of wrongfully prosecuting criminal activity. The policy considerations announced by the U.S. Supreme Court are precisely the same reasons we consider it appropriate to extend absolute immunity to state district attorneys.
 ". . . A prosecutor is duty bound to exercise his best judgment both in deciding which suits to bring and in conducting them in court. The public trust of the prosecutor's office would suffer if he were constrained in making every decision by the consequences in terms of his own potential liability in a suit for damages. . . . Further, if the prosecutor could be made to answer in court each time . . . a person charged him with wrongdoing, his energy and attention would be diverted from the pressing duty of enforcing the criminal law." 424 U.S. at 424-25, 96 S.Ct. at 992.
The appellant and Glenn W. Anthony have attempted to show a particularized injury in this case by alleging that burglaries at their individual places of business have caused a property loss in excess of $30,000 and that the appellee failed to prosecute the person responsible. We entertain serious doubts that any property loss could ever equal the showing of particularized injury exhibited in Imbler, supra, i.e., loss of liberty; and we are of the opinion that the district attorneys of this state should not be civilly liable for actions taken in pursuit of their official duties. It has been stated in 63 Am.Jur.2d, Prosecuting Attorneys, § 34, that
 [t]he prosecuting attorney is, as a matter of public policy, immune from civil *Page 310 
liability for acts done in his official capacity, and this is true even though he has acted wilfully or maliciously, where he has acted in the proper performance of his duties. Acting as he does in a judicial or quasi-judicial capacity, he enjoys the same immunity from liability for damages that protects a judge. [Footnotes omitted.]
See Simpson v. Alabama State Bar, 294 Ala. 52, 311 So.2d 307
(1975), where this Court refused to allow the Alabama State Bar to discipline a District Attorney.
The appellant also sought injunctive relief, an accounting of various sums of money and property, and damages based on the appellee's alleged misconduct in office. It is undisputed that the appellee is a duly elected official and as such, must come before the electorate periodically. Alabama Constitution of 1901, amend. 328, § 6.20 (a). Moreover, safeguards have been provided by the impeachment process and the criminal statutes of this state. To allow citizens to seek redress for alleged grievances in private actions against officials under the circumstances here presented would not only subvert the function of these safeguards, but it would also disserve the paramount societal interest in the preservation of the integrity of the prosecutorial and electoral processes.
The law does not, and should not, countenance such actions.
For the foregoing reasons, the judgment of the circuit court is affirmed.
AFFIRMED.
BLOODWORTH, FAULKNER, JONES, ALMON and EMBRY, JJ., concur.
[1] Glenn W. Anthony was added as a plaintiff in the last amendment to the original complaint; however, he is not included as an appellant in the Notice of Appeal to this Court. Moreover, the appellant makes only singular references to himself in his brief, and we will therefore assume that Anthony is not a party to this appeal.
[2] In addition to the relief sought in the complaint and the various amendments, the appellant's Motion for Disqualification or Suspension of the District Attorney sought an order of the Circuit Court authorizing the coroner to arrest the County Sheriff and the District Attorney, the appointment of a special prosecutor and the impanelling of a special grand jury.