PER CURIAM.
Plaintiffs (appellants), as residents and citizens of Madison County, sought injunc-tive and restitutionary relief against Fred Simpson, District Attorney for the Twenty-Third Judicial Circuit of Alabama. Plaintiffs’ complaint was amended some seven times to add or delete parties and to allege further acts of misconduct by defendant. The substance of the amended complaint averred that defendant (1) engaged in conduct unbecoming a public official, (2) used the status of a public official for private benefit, (3) converted public monies to personal use, and (4) engaged in criminal activity.
After trial, Judge Kenneth Ingram took the case under advisement, but before Judge Ingram rendered a decree, this Court decided the case of Jones v. Benton, 373 So.2d 307 (Ala.1979). Based on the Jones opinion and defendant’s motion, Judge Ingram dismissed the case. Plaintiffs appeal from the trial court’s grant of defendant’s motion to dismiss.
In the case of Jones v. Benton citizens brought suit against a district attorney, alleging various acts of misconduct and seeking an injunction and an accounting for public monies and other property. We affirmed the trial court’s grant of dismissal because of the quasi-judicial nature of the district attorney’s office. In denying the equitable relief sought, we recognized other possible avenues of redress. We found that criminal prosecution, impeachment, or the electoral process itself may provide the public the means to rid itself of an offending district attorney.
We do not now find the Jones case ill-considered, and we follow the law announced in Jones. The case before us, however, is one of several cases to come before this Court in which district attorney misconduct was alleged. Our review of the record in this case convinces us that, indeed, criminal prosecution, impeachment, or the electoral process will not provide the prompt and impartial investigation and inquiry needed to address charges of district attorney misconduct.
We in no way condone the type of conduct alleged against District Attorney Simpson, and we have not foreclosed application of the Code of Professional Responsibility in the case of District Attorneys. See, Simpson v. Alabama State Bar, 294 Ala. 52, 311 So.2d 307 (1975). However, this is a suit for an accounting and an injunction by citizens against a district attorney. Although a governmental authority charged with accounting for public funds might bring such a suit (and mandamus may lie to compel action by the authority), for the policy reasons set forth in the Jones opinion, we will not allow suit by private citizens.
AFFIRMED.
All the Justices concur.