HOUSTON, Justice.
David Eugene Worley appeals from a decision of the Disciplinary Board of the Alabama State Bar (“the Board”) denying him reinstatement to the practice of law. We affirm.
In January 1981, the Board found Wor-ley guilty of disciplinary charges brought against him and entered an order disbarring Worley from the practice of law in the State of Alabama for an indefinite period. Worley appealed and this Court affirmed. See, Worley v. Disciplinary Board of the Alabama State Bar, 407 So.2d 822 (Ala.1981).
On August 28, 1989, Worley petitioned for reinstatement to the practice of law. The Board denied reinstatement and Wor-ley again appeals.
Rule 19(c), Alabama Rules of Disciplinary Enforcement (“the Rules”), reads as follows:
“... At the hearing the petitioner shall have the burden of demonstrating by clear and convincing evidence that he has the moral qualifications to practice law in this State and that his resumption of the practice of law within the State will not be detrimental to the integrity and standing of the Bar or the administration of justice, or subversive of the public interest.”
Although he acknowledges that the burden of proof in reinstatement cases is an unusually heavy burden, Worley contends that he met that burden by presenting clear and convincing evidence that he has “the moral qualifications to practice law in the state of Alabama and that his resumption of the practice of law within [the State] will not be detrimental to the integrity and standing of the Bar, or the administration of justice, or subversive of the public interest.” He also contends that the Board, in reaching its decision, did not consider the evidence of his conduct and behavior subsequent to his disbarment, which, he contends, was verified by letters and affidavits stating that he is trustworthy and is of good moral character and recommending that he be reinstated to the practice of law. Rather, Worley contends that the Board based its decision on the charges entered against him in the original disbarment proceedings and on the testimony offered in support of those charges.
Although the Bar has no obligation to offer any evidence in reinstatement proceedings, see Bonner v. Disciplinary *1241 Board of the Alabama State Bar, 401 So.2d 734 (Ala.1981), evidence of the misconduct that led to Worley’s disbarment was clearly admissible, as was the evidence of any subsequent misconduct with respect to Worley’s lack of moral character:
“ ‘The judgment of disbarment “continues to be evidence against ... [the petitioner] with respect to lack of moral character at later times in accordance with the principle that ‘a state of things once proved to exist may generally be found to continue.’ ... Whatever the offense for which a judgment of disbarment was entered, the person disbarred has a heavy burden on a subsequent petition for [reinstatement] to the bar to overcome by evidence the weight of the facts adjudicated by such judgment and to establish affirmatively that since his disbarment he has become ‘a person proper to be held out by the court to the public as trustworthy.
Bonner v. Disciplinary Board of the Alabama State Bar, supra, at 737, quoting with approval In re Hiss, 368 Mass. 447, 333 N.E.2d 429, 438 (1975). (Citations omitted.) (Emphasis added.)
At the hearing before the Board, besides Worley’s own testimony, he presented the testimony of numerous individuals who attested to his character, integrity, and honesty — a retired circuit judge from Madison County with whom Worley had previously been employed as a law clerk, Worley’s employer at the time of the hearing, practicing attorneys from Huntsville, and a Madison County district commissioner. He also presented affidavits and letters from several former employers, from several practicing attorneys in Huntsville, from the clerk of the Madison Circuit Court, and from the pastor of the church Worley attends.
The Board had before it evidence of Wor-ley’s 1981 disbarment for sexual misconduct with a prison inmate, for falsely witnessing a signature in a fraudulent stock transfer, and for lying to the Bar grievance committee. The Board also had before it evidence of Worley’s convictions for public intoxication, for driving under the influence, and for driving with a suspended license (all of which occurred subsequent to his disbarment).[1] In addition, the Board had before it evidence of Worley’s possession of what the Board considered to be pornographic pictures (some of which depicted him engaged in sexual acts with females); evidence of a number of civil suits in which Worley had been a party prior to and subsequent to his disbarment (including a $2,200 judgment entered against him in 1980 as a result of an automobile accident; a $12,225 judgment entered against him in 1982, for “false and material misrepresentations” relied on by the opposing parties to their detriment; a $350 judgment entered against him for failure to pay apartment rent; and a $28,-311.44 judgment against him resulting from the lease of a building used by Wor-ley for a real estate office); and evidence of numerous financial obligations (including approximately $10,000 due the Internal Revenue Service for taxes for the years 1979 and 1987). Furthermore, the Board had before it the testimony of certain Huntsville attorneys that Worley was not of good moral character; a letter from the Huntsville/Madison County Bar Grievance Committee recommending that Worley’s petition for reinstatement be denied; and evidence of the Huntsville Board of Realtors’ denial of Worley’s membership request in 1987, because, according to it, Worley failed to show that he had a “sound credit rating” and because he had “failed to establish a favorable reputation in the community.”
Although it did not state specific reasons for denying reinstatement, in our review of the record we find reasonable bases. See Elledge v. Alabama State Bar, 572 So.2d 424 (Ala.1990). Under the circumstances, we cannot say that the Board erred in deciding that Worley had failed to prove by clear and convincing evidence that he was of good moral character and that he was *1242 worthy of being reinstated to the practice of law in Alabama.
Worley also contends that the Board’s action violated the 14th Amendment to the United States Constitution. Worley specifically contends that he has been deprived of his right to due process “in that his future [was] placed in the hands of five members of the [Board] ... [who] have unrestricted authority to punish a lawyer as they see fit, with no restrictions placed upon them,” and that “[s]uch a hearing should be before all of the Bar commissioners in view of the fact that they are the governing body of the State Bar.”
We promulgated the Rules by which Worley was disbarred and by which he was denied reinstatement. In our Preamble to those rules, we stated:
“The Supreme Court of Alabama has inherent responsibility to supervise the conduct of attorneys who are its officers, and in furtherance thereof, it promulgates the following [Rules] superseding all other rules and statutes pertaining to disciplinary enforcement heretofore promulgated or enacted.”
See, also, Board of Commissioners of the Alabama State Bar v. State ex rel. Baxley, 295 Ala. 100, 324 So.2d 256 (1975); Simpson v. Alabama State Bar, 294 Ala. 52, 311 So.2d 307 (1975); and Ex parte Thompson, 228 Ala. 113, 152 So. 229 (1933). Thus, in exercising its inherent responsibility this Court created the Board, but it retained the power to inquire into the merits of any matters before the Board and retained the power to take any action it sees fit to take in such matters. Simpson v. Alabama State Bar, supra.
It is well settled that “ ‘[t]he right to practice law is a valuable property right, which can be denied only by due process of law.’ ” Ex parte Grubbs, 542 So.2d 927, 930 (Ala.1989), quoting from Reese v. Board of Commissioners of the Alabama State Bar, 379 So.2d 564, 569 (Ala.1980). See, also, Elledge v. Alabama State Bar, supra. In original disbarment proceedings, the Bar has the burden of proving sufficient facts to justify a decision by the Board to disbar. See Bonner v. Disciplinary Board of the Alabama State Bar, supra. However, once an attorney has been properly disbarred, he has been divested of that property right by due process of law. Elledge v. Alabama State Bar. Pursuant to Rule 19(c), the burden in reinstatement cases is on the disbarred attorney to prove by clear and convincing evidence that he is entitled to be reinstated.
“ ‘[0]ne who has been guilty of the acts which he has committed should not be reinstated in the ranks of the legal profession except upon the most clear and convincing, nay, we will say upon overwhelming, proof of reform — proof which we could with confidence lay before the world in justification of a judgment again installing him in the profession which he has so flagrantly disgraced.’ ”
Bonner v. Disciplinary Board of the Alabama State Bar, supra, at 738, quoting In re Stevens, 59 Cal.App. 251, 255, 210 P. 442 (1922) (emphasis added in Bonner)', see, also, Elledge v. Alabama State Bar, supra. Thus, in reinstatement cases, by affording the disbarred attorney a hearing before the Board, created pursuant to the inherent authority of this Court, where the disbarred attorney has the opportunity to prove by clear and convincing evidence that he has “the moral qualifications to practice law ... and that his resumption of the practice of law ... will not be detrimental to the integrity and standing of the Bar or the administration of justice, or subversive of the public interest,” the Board has afforded the disbarred attorney all the process that he was due. See Elledge v. Alabama State Bar, supra; see, also, Bonner v. Disciplinary Board of the Alabama State Bar, supra.
Therefore, we affirm the Board’s decision denying Worley reinstatement to the practice of law in the State of Alabama.
AFFIRMED.
HORNSBY, C.J., and MADDOX, JONES, SHORES, ADAMS and STEAGALL, JJ., concur.
ALMON, J., concurs in the result.

. We note that although the Board had before it evidence of Worley's multiple arrests for public intoxication, all but one of those arrests were dismissed. We also note that the Board had before it evidence of Worley’s arrest on felony. charges for possession of large amounts of drugs and drug-related items, but that Worley was acquitted of those charges.