574 So.2d 33 (1990)
Eleanor I. BROOKS
v.
ALABAMA STATE BAR.
89-932.
Supreme Court of Alabama.
December 7, 1990.
As Modified on Denial of Rehearing January 11, 1991.
Jere L. Beasley and Frank M. Wilson of Beasley, Wilson, Allen, Mendelsohn & Jemison, Montgomery, for appellant.
Robert W. Norris, General Counsel, Alabama State Bar, for appellee.
ALMON, Justice.
Eleanor I. Brooks, chief assistant district attorney for the Fifteenth Judicial Circuit, appeals from a private reprimand given to her by the Disciplinary Commission of the Alabama State Bar.[1] The Disciplinary Commission found that Ms. Brooks had violated Disciplinary Rules 7-107(A)(4) and 7-107(A)(6) of the Code of Professional Responsibility by making an extra-judicial statement on October 13, 1988, to a television reporter concerning a pending criminal case that she was prosecuting.
Proceedings before the Disciplinary Commission are governed by the Rules of Disciplinary Enforcement. Prior to December 13, 1988, Rule 1(a) of those Rules read as follows:
"Jurisdiction. Any attorney admitted to practice law in this State and any attorney specially admitted by any court in this State for a particular proceeding is subject to the exclusive disciplinary jurisdiction of the Supreme Court of Alabama and the Disciplinary Board of the Alabama State Bar, hereafter established."
On December 13, 1988, this Court issued an order[2] amending Rule 1(a) to read:
"Jurisdiction. All attorneys admitted to practice law in this state, including district attorneys, assistant district attorneys, United States attorneys, assistant United States attorneys, and the attorney general, assistant attorneys general, and any attorneys specially admitted by any court in this state for a particular proceeding are subject to the exclusive disciplinary jurisdiction of the Disciplinary Board of the Alabama State Bar, with review by the Supreme Court of Alabama."
This Court adopted the Code of Professional Responsibility on May 6, 1974,[3] and the Rules of Disciplinary Enforcement on *34 February 13, 1978.[4] On April 10, 1975, the Court decided Simpson v. Alabama State Bar, 294 Ala. 52, 311 So.2d 307 (1975), and Watson v. Alabama State Bar, 294 Ala. 57, 311 So.2d 311 (1975). Simpson involved a disciplinary proceeding under the Rules Governing the Conduct of Attorneys, which were in effect prior to the Code of Professional Responsibility and which will be hereinafter referred to as "the Rules Governing Conduct," against a district attorney for holding a press conference "concerning the disposition of a criminal case." 294 Ala. at 55, 311 So.2d at 308. Watson involved a similar proceeding against a deputy district attorney.
The rule under which the Bar sought to discipline Simpson used the broad jurisdictional language, "all persons heretofore or hereafter admitted to practice law in the State of Alabama," 294 Ala. at 54, 311 So.2d at 308. Nevertheless, the unanimous Court held that "a district attorney was not subject to discipline by the Board of Bar Commissioners for alleged violation of the Rules Governing the Conduct of Attorneys." 294 Ala. at 55, 311 So.2d at 309. The Court noted that "The question of whether a district attorney may be disciplined for violation of [the] Code of Professional Responsibility is not before us." 294 Ala. at 57, 311 So.2d at 310.
The courts have twice mentioned that Simpson did not decide whether district attorneys could be disciplined under the Code of Professional Responsibility. Honeycutt v. Simpson, 388 So.2d 990 (Ala. 1980); Stringer v. State, 372 So.2d 378, 382 (Ala.Crim.App.), cert. denied, 372 So.2d 384 (Ala.1979). This Court, in holding district attorneys immune from civil suit for actions taken in pursuit of their official duties, made the following reference to Simpson, without remarking that a different result might obtain under the Code of Professional Responsibility: "See [Simpson], where this Court refused to allow the Alabama State Bar to discipline a District Attorney." Jones v. Benton, 373 So.2d 307, 310 (Ala.1979).
A comparison in October 1988 of the Rules Governing Conduct with the Code of Professional Responsibility and the Rules of Disciplinary Enforcement, together with a study of the above-cited cases, would not have yielded a clear answer to the question of whether a district attorney or an assistant district attorney was subject to discipline by the Disciplinary Commission. Due process of law requires fair notice that one's conduct is subject to a law or regulation.
"The ex post facto principle applies to any activity in which a person engages with a reason to believe that it does not give rise to a particular penalty. This additional protection comes not from the ex post facto constitutional prohibition itself but from the `due process' clause of the Fifth amendment, which incorporates the same concept for judicial interpretations and holds that they rise to the level of a guaranty. Marks v. United States, 430 U.S. 188, 97 S.Ct. 990, 51 L.Ed.2d 260 (1977)."
United States v. Hayes, 703 F.Supp. 1493, 1502 (N.D.Ala.1989). Cf. Ala. Const.1901, art. I, §§ 6, 7, and 13.
"The right to due process is guaranteed to the citizens of Alabama under the Alabama Constitution of 1901, Article 1, Sections 6 and 13. This constitutional right to due process applies in civil actions as well as criminal proceedings. Pike v. Southern Bell Telephone and Telegraph Co., 263 Ala. 59, 81 So.2d 254 (1955). The courts have found that this right is violated when a statute or regulation is unduly vague, unreasonable, or overbroad."
Ross Neely Express, Inc. v. Alabama Dep't of Environmental Mgt., 437 So.2d 82, 84 (Ala.1983).
Because Ms. Brooks had reason to believe that her conduct was not governed by the Code of Professional Responsibility at the time she made the statement, due process prohibits the imposition of discipline on her under that Code. The order of reprimand is therefore reversed and the *35 cause is remanded for entry of an order setting aside the reprimand.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.
JONES, J., dissents.
JONES, Justice (dissenting).
This case poses a difficult and important issue of first impression. The Court decides it, I believe, incorrectly.
On March 16, 1990, Ms. Brooks was privately reprimanded for making an extrajudicial statement to a Montgomery television station on October 13, 1988, concerning the results of tests on a criminal defendant and expressing an opinion as to the guilt of that defendant, in violation of DR 7-107(A)(4) and (6) of the Code of Professional Responsibility. DR 7-107(A)(4) and (6) provide, respectively, as follows:
"(A) A lawyer involved in a criminal matter shall not, from the time of the filing of a complaint, information, or indictment, the issuance of an arrest warrant, or arrest until the commencement of the trial or disposition without trial, make or participate in making an extra-judicial statement that a reasonable person would expect to be disseminated by means of public communication and that relates to:
"....
"(4) The performance or results of any examinations or tests or the refusal or failure of the accused to submit to examinations or tests.
"....
"(6) Any opinion as to the evidence or the merits of the case."
The lone issue is whether the Disciplinary Commission has the authority to reprimand an assistant district attorney for violations of the Code of Professional Responsibility.
The Preamble to the Rules of Disciplinary Enforcement (effective March 1, 1978) reads as follows:
"The Supreme Court of Alabama has inherent responsibility to supervise the conduct of attorneys who are its officers and in furtherance thereof it promulgates the following Rules of Disciplinary Enforcement superseding all other rules and statutes pertaining to disciplinary enforcement heretofore promulgated or enacted.
"The license to practice law in this State is a continuing proclamation by the Court that the holder is fit to be entrusted with professional matters, and to aid in the administration of justice as an attorney and as an officer of the Court. It is the duty of every recipient of that privilege to conduct himself at all times, both professionally and personally, in conformity with the standards imposed upon members of the bar as conditions for the privilege to practice law."
As of October 13, 1988, Rule 1 of the Rules of Disciplinary Enforcement provided as follows:
"(a) Jurisdiction. Any attorney admitted to practice law in this State and any attorney specially admitted by any court of this State for a particular proceeding is subject to the exclusive disciplinary jurisdiction of the Supreme Court of Alabama and the Disciplinary Board of the Alabama State Bar, hereafter established."
Ms. Brooks contends that the Alabama Constitution of 1901, Art. VII, § 173 and § 174, provides the sole means of removal of district attorneys and assistant district attorneys from office. Therefore, says Ms. Brooks, the Disciplinary Commission is without jurisdiction to initiate disciplinary proceedings against district attorneys or their assistants. In support of her contention, Ms. Brooks cites and relies upon the two companion cases of Simpson v. Alabama State Bar, 294 Ala. 52, 311 So.2d 307 (1975), and Watson v. Alabama State Bar, 294 Ala. 57, 311 So.2d 311 (1975), wherein the Court answered in the negative the question whether a district attorney could be disciplined by the Board of Bar Commissioners of the Alabama State Bar (Disciplinary Commission). (At that time the only *36 method for removal of a district attorney was found in our Constitution.) However, the following language found in Simpson effectively precludes any application of that case to the facts presented here:
"We are compelled to note that, as of October 1, 1974, the Rules Governing the Conduct of Attorneys in Alabama were superseded by the Code of Professional Responsibility of the Alabama State Bar, which Code has been approved by this court. The question of whether a district attorney may be disciplined for violation of this Code of Professional Responsibility is not before us. We do not mean to suggest that, by the holding herein, district attorneys should ever be held to a lesser degree of professional responsibility than is required of other attorneys or officers of courts. Nor do we condone the action of the district attorney in this case. All attorneys should maintain the highest ethical standards and owe to their profession and the office they hold the highest degree of professionalism. We simply hold that district attorneys were not subject to being disciplined as attorneys by the Board of Bar Commissioners for violation of the old rules governing the conduct of attorneys."
294 Ala. at 57, 311 So.2d at 310; see, also, Honeycutt v. Simpson, 388 So.2d 990 (Ala. 1980).
The majority takes the position that because the jurisdictional language found in the Rules Governing the Conduct of Attorneys in Alabama (see Simpson, supra) was similar to the jurisdictional language found in the Code of Professional Responsibility of the Alabama State Bar, the Code Ms. Brooks was charged and reprimanded under, Ms. Brooks had reason to believe that her conduct would be completely unrestrained insofar as the Code of Professional Responsibility was concerned. Further, the majority concludes (incorrectly, in my opinion) that the amendment of Rule 1 of the Rules of Disciplinary Enforcement effective December 13, 1988, included district attorneys for the first time. This conclusion is not borne out by the history of the ethics rules governing members of the Alabama State Bar.[5]
The conduct proscribed by DR 7-107 has at all times since May 6, 1974, remained the same. Thus, the proscribed conduct was already in place for more than 14 years before Ms. Brooks's alleged violation occurred. The only other change (the amendment to the Rules of Disciplinary Enforcement to specifically name district attorneys, which was consistent with DR 7-107's proscription) in no way limited the preexisting effect of DR 7-107 or the Rules of Disciplinary Enforcement. This change, which occurred on December 13, 1988, was merely a clarification of a procedural rule, not a change in the rules governing the conduct that all attorneys, including assistant district attorneys, must comply with. The majority opinion confuses a substantive rule with a procedural rule.
Admittedly, the jurisdictional language of the Rules Governing the Conduct of Attorneys in Alabama is similar to the jurisdictional language found in the Code of Professional Responsibility of the Alabama State Bar. However, a review of the two "Codes" reveals obvious dissimilarities. For starters, while the Code of Professional Responsibility specifically addresses the obligations of "public prosecutors" and "government lawyers" (see EC 7-11, EC 7-13, and EC 7-14), the Rules Governing the Conduct of Attorneys made no references to prosecutors. Correspondingly, DR 7-107(A) of the Code of Professional Responsibility provides that a lawyer involved in a criminal matter shall not make extra-judicial statements relating to, *37 among other things, the criminal record of a defendant, the possibility of a guilty plea, the existence or contents of any confession, admission, or statement of the defendant, his refusal to make a statement, or the performance or results of any examination or tests or the refusal to submit to examinations or tests. Viewed pragmatically, because pretrial publicity of the above matters would, in most cases, be detrimental, if not disastrous, to a defendant's case, the phrase "lawyer involved in a criminal matter," if not intended to refer exclusively to prosecutors, was obviously intended to include prosecutors. (See also DR 7-107(C) and DR 7-107(D).)
Additionally, on January 17, 1974, this Court heard oral arguments, pro and con, pertaining to the proposed "new" Code of Professional Responsibility. A cursory review of the transcript of that proceeding leads one to the inescapable conclusion that both the proponents and the opponents of the "new" Code were cognizant of the fact that DR 7-107 was applicable to prosecuting attorneys. Indeed, this was the central thrust of the debate. Similarly, Justice Maddox, concurring specially in this Court's May 6, 1974, order adopting the Code of Professional Responsibility, recognized that DR 7-107 was applicable to prosecuting attorneys:
"The work done by the Alabama State Bar in proposing a new Code of Professional Responsibility is commendable. I concur in most of the Code. I disagree, however, with that portion of Canon 7 (DR 7-107) which applies to a `lawyer involved in a criminal matter.' This disciplinary rule covers both the prosecuting attorney and the defense attorney. I believe that this Court could best regulate the conduct of criminal cases through the adoption of Rules of Criminal Procedure, patterned substantially in accordance with accepted standards for the administration of criminal justice. In other words, I think the power to guarantee the administration of justice in criminal cases resides in the courts and this power should not be given to the Bar. Furthermore, since DR 7-107 obviously applies to prosecuting attorneys, I do not believe that suspension or disbarment could be used as a collateral approach to oust a prosecuting attorney. Cf. Alabama State Bar ex rel. Steiner v. Moore, 282 Ala. 562, 213 So.2d 404 (1968)." (Emphasis added.)
In light of these facts, and particularly in light of the fact that Ms. Brooks is an experienced prosecutor, it is nothing short of naive to assume that she did not have a clue as to whether DR 7-107 was applicable to prosecutors. In my eyes, however, the question whether Ms. Brooks was genuinely confused with respect to the standard of ethics demanded of her as a lawyer and as a prosecutor is of no real consequence. Common sense alone should have been enough to enable Ms. Brooks to see that her pretrial comments to a television news reporter, on camera no less, could potentially deny the accused his right to a fair trial.
"The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one."
Berger v. United States, 295 U.S. 78, 88, 55 S.Ct. 629, 633, 79 L.Ed. 1314 (1935).
The preceding words, expressed by Mr. Justice Sutherland, capture perhaps better than any others the essence and the magnitude of the prosecutorial responsibility. A prosecutor's motivations, as well as his tactics, must be above reproach at all times. His role as an advocate is tempered by an obligation of fairness, a duty to ensure that each trial results in an accurate determination of guilt and punishment. The prosecutor, however, is not above the shortcomings *38 that plague the rest of the legal profession. In other words, he is just as susceptible to human error as the rest of us. Consequently, if a prosecutor's zest for a conviction is without restraints, the potential for abuse, whether through malice or ignorance, would forever be the Achilles' heel upon the body of justice. As an officer of the Court participating in the search for truth, a prosecutor must certainly fight zealously, but he must do so within the framework of the Code of Professional Responsibility. Nothing less will satisfy.
Therefore, I am impelled to the conclusion that a district attorney, along with every other practicing lawyer in this state, must adhere to the standards set forth in the ethical code governing members of the Alabama State Bar and that this was no less true on October 13, 1988, than it is today. To hold otherwise would undermine the integrity of our criminal justice system.
Accordingly, I would affirm the Disciplinary Commission's decision.

ON APPLICATION FOR REHEARING
ALMON, Justice.
OPINION MODIFIED, APPLICATION FOR REHEARING OVERRULED.
HORNSBY, C.J., and MADDOX, SHORES, HOUSTON and KENNEDY, JJ., concur.
JONES, J., dissents.
NOTES
[1] Ms. Brooks states in her appellant's brief that she "waived her rights to confidentiality and demanded that the proceeding be made public."
[2] See Ala. Reporter, 535-38 So.2d, at LXXI.
[3] See 293 Ala. at XCIX.
[4] Ala. Reporter, 353-55 So.2d, at XXXV.
[5] Three separate sets of rules are inferentially involved: 1) the Rules Governing Conduct of Attorneys in Alabama (superseded by the Code of Professional Responsibility on October 1, 1974); 2) the Code of Professional Responsibility of the Alabama State Bar (from October 1, 1974, to December 31, 1990); and 3) the Rules of Disciplinary Enforcement adopted in 1978. The Rules of Disciplinary Enforcement were amended on December 13, 1988, and a "new" set of rules (Rules of Disciplinary Procedure (Interim)) go into effect on January 1, 1991. Additionally, the "new" Rules of Professional Conduct, which replace the Code of Professional Responsibility, also go into effect on January 1, 1991.