On Application for Rehearing; On motion to Alter, Amend, or Vacate the Judgment of the Disciplinary Board, and on Return to Remand Filed by the Disciplin'ary Board ■

PER CURIAM.
This ease involves Barbara C. Miller’s attempt to obtain the reinstatement of her license to practice law. It is before this Court on the following: (1) Miller’s application for rehearing following our decision of November 7, 1997; (2) Miller’s “Motion to Alter, Amend, or Vaeaté the Order of the Disciplinary Board” entered on remand of this cause; and (3) the return to remand filed by the Disciplinary Board.
The facts of this case are set out in this Court’s opinion of November 7, 1997. Weneed not restate them here in full. We do, however, set out some of the basic facts for a better understanding of why we now order Miller’s unconditional reinstatement.
On May 19,1995, the Disciplinary Board of the Alabama State Bar conducted a hearing concerning a variety of disciplinary complaints' pending against Miller. At this hearing, Miller pleaded guilty to two charges of attorney misconduct and agreed to a 90-day suspension; in exchange, the State Bar agreed to dismiss the remaining charges.
Accordingly, the Disciplinary Board, on May 25, 1995, issued an order suspending Miller for 90 days, “effective not sooner than June 19, 1995.”[1] The Disciplinary Board’s order also stated that the suspension would become effective “upon the issuance of an order approving same by the Alabama Supreme Court.” This Court, acting on a request from the State Bar, issued an order suspending Miller from the practice of law fer 90 days; again, the suspension was to be effective June 19,1995.
As a result of Miller’s interpretation of the initial suspension order and her actions after that order was issued, Miller received a 91-day suspension, which, under the Rules of Disciplinary Procedure, required her to petition for reinstatement.
Throughout her disciplinary proceedings, Miller has contended that the Disciplinary Board’s May 25, 1995, suspension order was ambiguous in regard to exactly when her suspension was to begin; indeed, the Bar’s general counsel, during the oral arguments of these cases, indicated that the May 25, 1995, order might have been “handled a little unartfully.” In addition, during oral argument, Miller asserted that she did not receive a copy of the Disciplinary Board’s order until July 1995 and that she began to comply with the suspension order at that point. Miller did acknowledge that she received this Court’s June 21, 1995, order in a timely manner.
The 91-day suspension order was entered on October 18, 1995, in a separate proceeding, on the ground that Miller had engaged in the unauthorized practice of law by continuing to represent her clients in violation of this Court’s June 21, 1995, suspension order that affirmed the May 25, 1995, disciplinary order, which, admittedly might have been “handled a little unartfully.”
In its opinion on original deliverance, this Court specifically stated:
“Based on what is before us at this time, and upon consideration of the oral arguments of both parties, we remand this case to the State Bar with directions to set a hearing on Miller’s reinstatement petition within 14 days from the date of this order. In view of the fact that Miller was suspended for 91 days for continuing to practice law while suspended, and in view of the fact that general counsel for the State Bar stated at oral argument that the initial order might have been ‘handled a little *921 unartfully,’ we direct the State Bar, if it does not reinstate Miller unconditionally, to show cause, within seven days after the conclusion of the reinstatement hearing, why it did not reinstate Miller, the showing to include at least the following in support of its decision not to reinstate Miller unconditionally: (1) a finding of fact, supported by evidence,, that Miller ‘knew or should have known’ that she had violated the initial suspension order; and (2) a record of the proceedings on remand, a transcript of the hearing, and any evidence taken or considered at the hearing.”
711 So.2d at 919-20. On November 19,1997, the Disciplinary Board of the Alabama State Bar, Panel IV, held a hearing, as directed by this Court. On November 26,1997, the State Bar filed in this Court what it styled the “Record of Proceedings of November 19, 1997”; that record of proceedings included a transcript of the testimony taken at the hearing held on November 19, 1997. The Disciplinary Board’s order regarding Miller’s petition for reinstatement was included in that record of proceedings; that order read, in relevant part:
“Based on all the evidence and the testimony, the Board finds that the Petitioner, Barbara C. Miller, failed to meet the burden imposed upon her by Rule 28 of the Rules of Disciplinary Procedure; which requires that she demonstrate by clear and convincing evidence that she has the moral qualifications to practice law in this state and that her resumption of the practice of law within the state will not be detrimental to the integrity and standing of the Bar or the administration of justice, and will not be subversive to the public interest.
“Based upon the evidence and testimony, the Disciplinary Board specifically finds that [Miller] knew or should have known that she was in violation of the Alabama Supreme Court’s Order imposing a ninety day suspension. The Board finds that [Miller] entered into a plea agreement with the Alabama State Bar on May 19, 1995, for a ninety day suspension. On June 21, 1995, the Alabama Supreme Court entered an order suspending her for ninety days. Based on [Miller’s] testimony at the reinstatement hearing, and her disciplinary hearing of September 29, 1995, the Board finds that [Miller] received a copy of the Supreme Court’s Order not later than June 29, 1995. The Board further finds that on July 13, 1995, the Office of General Counsel sent [Miller] a letter advising her that she was considered to be in violation of the Supreme Court Order of June 21,1995. [Miller] acknowledged that she received such a letter but, nevertheless, continued to practice law until July 31,1995.
“Accordingly, it is the decision of the Disciplinary Board that the Petition for Reinstatement, of Barbara C. Miller be, and [it] is hereby, DENIED.”
Our reading of the Board’s order suggests that the Board is under the impression thát Miller, on remand, had the burden to prove not only her entitlement to reinstatement, by clear and convincing evidence, but her character and fitness as well. That was not our intent in remanding the case rather than ordering Miller’s instant reinstatement as she had requested as early as May 16, 1997. This Court was already aware of each of the facts set out in the order upon which the Board based its conelusory finding that Miller knew or should have known that she had violated the initial suspension order.
Based on what was before us when we remanded this case to the Disciplinary Board, we were almost persuaded to order Miller’s unconditional reinstatement at that time, but we elected to remand the case to the Disciplinary Board and give the Board an opportunity to state specifically any other facts not already before us that would demonstrate why an unconditional reinstatement should not be ordered in view of our impression that the 91-day suspension was based upon nothing other than a misinterpretation of the starting date of her original 90-day suspension. Clearly, there is no disagreement that Miller has suspended her practice for more time than was called for by the original 90-day suspension and the subsequent 91-day suspension, which required an application for reinstatement.
As was stated in Baird v. State Bar of Arizona, 401 U.S. 1, 91 S.Ct. 702, 27 L.Ed.2d *922 639 (1971), citing Schware v. Board of Bar Examiners, 353 U.S. 232, 77 S.Ct. 752, 1 L.Ed.2d 796 (1957), and Ex parte Garland, 71 U.S. (4 Wall.) 333, 18 L.Ed. 366 (1866), “[t]he practice of law is not a matter of grace, but of right for one who is qualified by his learning and his moral character.” It appeared to us, after a full presentation of all the facts in this matter, many of which were presented at oral argument, that Miller’s 91-day suspension was based solely on the fact that she engaged in the unauthorized practice of law because of her interpretation of an order that admittedly was not a model of clarity.
In sum, this Court remanded this case to the Disciplinary Board for the specific purpose of having the Disciplinary Board hold a hearing to establish whether Miller knew or should have known that she was violating the initial, 90-day, suspension order by continuing to practice law after June 19, 1995. At the hearing, the Disciplinary Board failed to establish that she knew or should have known this fact. Instead, it criticized Miller’s “moral qualifications,” which, given this Court’s remand order, Miller was understandably ill-prepared to defend. Given the conspicuous failure of the record on remand to support the Disciplinary Board’s second, 91-day, suspension of Miller, we conclude that Miller should be unconditionally reinstated. Consequently, the order of the Disciplinary Board denying her reinstatement is reversed. The Disciplinary Board is hereby directed to reinstate Miller immediately.
Because we have ordered the unconditional reinstatement of Miller, we consider Miller’s application for rehearing and her “motion to alter, amend, or vacate” moot.
REINSTATEMENT ORDERED; APPLICATION FOR REHEARING AND “MOTION-TO ALTER, AMEND, OR. VACATE” DISMISSED AS MOOT.
HOOPER, C.J., and MADDOX, SHORES, HOUSTON, COOK, BUTTS, and SEE, JJ., concur.

On the State Bar’s Application for Rehearing

PER CURIAM.
On application for rehearing, the State Bar argues that this Court’s decision to reverse the action of the Disciplinary Board in these cases disregards the standards set out in Rule 28, Ala. R. Disciplinary P. Rule 28 controls the conduct of reinstatement hearings and, the State Bar contends, permitted the Disciplinary Board to require Miller to prove her character and fitness to practice law. Finally, the State Bar reiterates its position that Miller failed to sustain that burden.
We extend our opinion in order to further clarify our holding and to point out why this Court remanded the cause for a hearing rather than immediately ordering Miller’s reinstatement. Athough the facts are set out in previous opinions of this Court, the basic facts giving rise to this case can be summarized as follows: Miller was charged with violating the Rules of Professional Responsibility. On May 19,1995, she agreed to conditionally plead guilty, as the Rules of Disciplinary Procedure permit. See Rule 24, Aa. R. Disciplinary P. The disciplinary order entered to effectuate this agreement was signed on May 25,1995, and on May 26,1995, the State Bar requested this Court to enter an order suspending Miller from the practice of law for 90 days. On June 22, 1995, this Court entered an order that suspended Miller for 90 days, stating, in part, that the suspension was to be “effective June 19, 1995, for a period of ninety (90) days, and further subject to the terms and conditions as set out in the May 25,1995, order.”
The presentation of the legal issues in this case, unfortunately, has not been a model of clarity, but this Court reopened Miller’s disciplinary matters based on a document Miller filed and after reexamining all of the facts, the most salient being that the 90-day suspension initially agreed to had apparently turned into a suspension of at least 151 days. See our November 7,1997, opinion, 711 So.2d at 917. On original submission, after reviewing all the facts in the record and after listening to the oral arguments of the parties, this Court became convinced that Miller had unduly been required to suspend her practice for a period greatly exceeding the period she had initially agreed upon.
*923 However, this Court did not enter an order of reinstatement, but, in an abundance of caution, remanded the matter to allow the Disciplinary Board an opportunity to show, if it could, that Miller’s alleged second violation was based on something more than a disagreement over the terms of the agreement relating to the starting date of the suspension. This Court’s use of the words “reinstatement hearing” to characterize the type of hearing was an unfortunate choice of words, in view of the action taken by the Bar to require Miller to prove her character and fitness.
We agree with the State Bar that, in general, when an attorney seeks reinstatement and is given a hearing, the attorney is required to prove with clear and convincing evidence that he or she possesses the moral qualifications to practice law in this state. See Rule 28(e), Ala. R. Disciplinary P. When this Court remanded this ease, however, it desired only a determination whether Miller’s second suspension from the practice of law was based on facts other than that there was disagreement, some of it acrimonious, between Miller and general counsel for the bar.
In other words, this Court, albeit late, determined that Miller’s 91-day suspension may have been based on a misunderstanding relating to the starting date of her suspension and determined that it was necessary to take action pursuant to its inherent power to inquire into the merits of any disciplinary proceeding and to take any action it sees fit in such matters. Simpson v. Alabama State Bar, 294 Ala. 52, 311 So.2d 307 (1975). Because of the unique history of this particular case, this Court determined that an independent review of these proceedings was necessary in order to do justice, and the action we have taken in this case should not be construed as shifting the burden of proof or otherwise affecting the general application of Rule 28 in reinstatement hearings.
On its application for rehearing, the State Bar has set out many more facts than were specified in the materials it submitted on the return to remand, and it remains convinced that Miller deliberately defied an order of this Court. Nevertheless, we cannot come to the same conclusion. We are aware, as the State Bar notes in its application for rehearing, that this Court reopened this case after having already entered orders suspending Miller for 90 and 91 days respectively.[1] It would have been very desirable for the parties in this case, when the first disagreement occurred, to ask this Court for a clarification. At that time, Miller might or might not have requested an opportunity to withdraw her conditional plea of guilty. Had she done so, the State Bar might or might not have suspended her for more than 90 days, but any order that was entered would have been subject to our review.
In summary, after fully reviewing all of the facts in this case, including the materials *924 submitted by the State Bar with its application for. rehearing, we conclude that our judgment of January 9, 1998, was correct. However, because of the Bar’s concerns that we have failed to apply the standards set out in Rule 28, we point out again that our disposition of this case in no way affects the application of Rule 28 in other disciplinary proceedings. .. ■
APPLICATION FOR REHEARING OVERRULED.
HOOPER, C.J., and MADDOX, SHORES, HOUSTON, COOK, BUTTS, and SEE, JJ., concur.

. During oral argument of these cases, 'general counsel for the State Bar indicated that the delay between the date of the hearing and the effective date of the suspension was included at the request of Miller’s counsel at the hearing in order to provide Miller a period in which she could resolve any pending client business.

. We note that the State Bar contends that our disposition of this case is ironic in view of the fact that this Court initially affirmed Miller’s second suspension, i.e., the 91-day suspension. However, this case merely reinforces this Court's obligation to carefully examine all disciplinary proceedings, even those arising out of agreements to plead guilty.
In view of the fact that it appeared that the parties had agreed on the terms of the suspension, this Court did not independently inquire into the facts surrounding the disciplinary order. Subsequently, when this Court approved the 91-day suspension, its approval was based on this Court’s belief that there was evidence showing that Miller, although having agreed to suspend her practice, had nevertheless continued to practice. Upon a reexamination of the record, we note that, as early as July 6, 1996, Miller filed in this Court a motion challenging the meaning of this Court’s June 22, 1995, order.
Our review of the materials before us indicates that many of the problems in this case stem from the confusion and disagreement between Miller and the State Bar regarding Miller’s initial guilty plea, and, although this Court did not squarely address this disagreement in its earlier efforts to resolve this matter, these prior decisions do not eliminate the necessity to ensure that this matter is properly resolved at this time.
We would point out that requests to this Court from the Bar to enter an order suspending an attorney when the suspension is based on consent are generally routinely granted. Because of this policy, it is possible that this. Court did not appreciate the depth of the disagreement between the parties until this Court considered it anew and issued the opinion on original deliverance.