The decisive issue raised here is whether a denial of a petition for reinstatement to the practice of medicine by the Alabama State Board of Medical Examiners (Board) is appealable to this court under Tit. 46, § 278, Code (1940, 1973 Cum.Supp.). We answer no and accordingly dismiss the appeal.
In 1971, holding a license to practice medicine in Alabama and in Florida, Dr. Harry Meyer Katz was convicted in Florida of medicare fraud, a crime involving moral turpitude. The Alabama Board subsequently served Katz with a formal complaint informing him of its intention to revoke his license and of a hearing date for him to show cause why such action should not be taken. Before the hearing date, without admitting guilt of any ground for revocation of his Alabama license, Katz surrendered that license and withdrew from the practice of medicine.
In 1973, Katz petitioned the Board for reinstatement, a hearing was had, and his petition denied. In March of 1977, Katz again petitioned for reinstatement; a hearing was had at which Katz submitted evidence of changed circumstances, his activities in the medical field outside Alabama from the time his license had been surrendered and requests from citizens of the Bayou La Batre area that he return to their area for the practice of medicine. Again, his petition was denied.
It is a court reporter's transcript of that last hearing which is the "Record" in this case. It is from the denial of reinstatement evidenced by a resolution of the Board from which Katz appeals, purportedly under the provisions of Tit. 46, § 278, Code (1940, 1973 Cum.Supp.):
 "Right of appeal; time. — An appeal may be taken to the supreme court of the state of Alabama by the person whose certificate is ordered suspended or revoked from any order suspending or revoking a certificate of qualification made by said board within 30 days after rendition thereof."
The Board has moved to dismiss this appeal because the denial of Katz's petition for reinstatement is not an "order suspending or revoking a certificate of qualification."
No case has been cited by the parties that directly answers the issue raised here relating to § 278, Tit. 46, and our search for authorities interpreting this statute has proved futile. Hence, we must construe § 278, Tit. 46, in the context of this case, for the first time.
No authority need be cited to support the rule of statutory construction that the interpreting court's duty is to ascertain the intent of the legislature from a reading of the statute. As recently announced in Tillman v. Sibbles, 341 So.2d 686 (1977): *Page 892 
 "* * * in all cases in which this court is called upon to interpret a legislative enactment, the underlying consideration is to ascertain and effectuate the intent of the legislature as expressed in the statute. * * *"
At first glance it is clear the legislature intended § 278, Tit. 46, to be an appeal statute. However, this has no effect on our ability to construe it as permitting an appeal in this case. It is well recognized that ordinary principles of statutory construction also apply in construing an appeal statute. 4 Am.Jur.2d, Appeal and Error, § 7. Applying these principles of statutory construction we hold that the language of § 278, Tit. 46, contemplates an appeal to this court only from an order of the Board suspending or revoking a certificate of qualification. Therefore, an appeal from the Board's denial of a petition for reinstatement to practice medicine will not lie.
Katz is not in total disagreement with our construction of § 278. However, he argues that the case of Barnes v. State exrel. Ferguson, 274 Ala. 705, 151 So.2d 619 (1963), is precedent for allowing appeals to this court from orders by the Board denying reinstatement. We disagree. Barnes is distinguishable from the present case in one very important aspect: in Barnes, the "appeal" by Ferguson, from the Board's order denying a request for a certificate of qualification to practice under the reciprocity statute, § 267, Tit. 46, Code, as amended, was to the circuit court by petition for writ of mandamus. The appeal to this court was from a judgment of the circuit court granting a preemptory writ of mandamus commanding the Board to issue Ferguson the certificate.
This distinction supports our view that Katz could seek the writ of mandamus from the circuit court to obtain a review of the Board's alleged abuse of discretion in denying his petition for reinstatement. If judgment or discretion is abused, or exercised in an arbitrary or capricious manner, mandamus will lie to compel a proper exercise thereof. Barnes v. State exrel. Ferguson, supra.
Though not compelled to do so, we think it desirable to speak beyond the narrow issue of whether denial of Katz's reinstatement to practice medicine in Alabama is appealable to this court under § 278. It is appropriate to comment for the reason that, from a review of that which is denoted as the "Record" on this appeal, a possibility for arbitrary and unreasonable action and abuse of discretion exists in the procedures followed by the Board in its hearing conducted for the purpose of considering Katz's petition for reinstatement. It is well settled law that due process must be observed by all boards, as well as courts. State Tenure Commission v. MadisonCounty Board of Education, 282 Ala. 658, 213 So.2d 823 (1968). This principle was the basis of our decision in Greenfield v.Hamrick, 341 So.2d 136 (Ala. 1976), where § 277, Tit. 46, Code, was held unconstitutional insofar as it authorizes a revocation or suspension of a certificate to practice medicine without notice and an opportunity to be heard: due process of law. Procedural due process requires:
 "* * * an orderly proceeding appropriate to the case or adapted to its nature, just to the parties affected, and adapted to the ends to be attained; one in which a person has an opportunity to be heard, and to defend, enforce, and protect his rights before a competent and impartial tribunal legally constituted to determine the right involved; representation by counsel; procedure at the hearing consistent with the essentials of a fair trial according to established rules which do not violate fundamental rights, and in conformity to statutes and rules, conducted in such a way that there will be opportunity for a court to determine whether the applicable rules of law and procedure were observed; revelation of the evidence on which a disputed order is based and opportunity to explore that evidence, and a conclusion based on the evidence and reason. * * *" 2 Am.Jur.2d, Administrative Law, § 353.
The hearing before the Board in this case falls short of the procedural due process *Page 893 
requirements enunciated. The right to engage in the practice of medicine in Alabama is a property right that may be denied only if the denial is consonant with due process of law. Barnes, supra. The denial of this right through due process procedures on reasonable grounds is a modification of the common law under which:
 "* * * the practice of medicine was open to all who desired to follow it in any of its branches, subject only to liability for damages in a case of lack of skill on the part of the practitioner, and to the right of government to proceed by quo warranto to prevent incompetents from following the business. * * *" 61 Am.Jur.2d, Physicians, Surgeons, Etc., § 5, p. 126.
Subject to the due process requirements we have enunciated, the provisions of § 6, Act No. 161, 2 May 1975, that amended § 271, Tit. 46, Code (1940), provide the broad framework within which those due process requirements may be met.
So there may be no question that denial of reinstatement to the practice of medicine is not grounded upon unreasonable or arbitrary bases, review of that question should be on the state of the evidence, after full due process hearing, regarding: the likelihood of an applicant violating the provisions of § 270, Tit. 46, Code (1940); whether the period of time an applicant has not been permitted to practice is sufficient penalty for past offenses; and whether the applicant is presently a competent physician.
An appeal to this court being the inappropriate remedy by which appellant may seek relief by way of reinstatement to the practice of medicine, this appeal is due to be, and is, dismissed.[1]
MOTION TO DISMISS GRANTED AND APPEAL DISMISSED.
TORBERT, C.J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.
[1] As we noted in Fraternal Order of Police, Strawberry Lodge #40 v. Entrekin, 294 Ala. 201, 314 So.2d 663, enactment of an Administrative Procedures Act by the legislature would be of material aid in solving many of the problems presented by cases such as this one. We note with satisfaction that a committee of the Alabama Bar Association is preparing a proposed bill to create a uniform procedure for adoption of rules by state administrative agencies, for the conduct of the contested cases before administrative agencies, and for the judicial review of state agency rules and determinations. It would materially assist all litigants in the administrative law field if such a bill be enacted into law together with the establishment of a State Register wherein proposed rules may be noticed, and published when promulgated.