364 So.2d 318 (1978)
In re BOARD OF DENTAL EXAMINERS et al.
v.
Grady S. KING.
Ex parte Grady S. KING.
77-209.
Supreme Court of Alabama.
July 21, 1978.
Robert L. Hodges of Ford, Caldwell, Ford & Payne, Huntsville, for petitioner.
Charles M. Crook, Montgomery, for respondents.
SHORES, Justice.
We granted certiorari in this cause because we have not heretofore expressed an opinion on the scope of review in the circuit court under § 34-9-25, Code 1975, formerly Title 46, § 120(30). We cannot agree with the Court of Civil Appeals, 364 So.2d 311, that the circuit court is limited to matters documented in the transcript of the proceedings held before the State Board of Dental Examiners.
We agree that the statute does not permit a de novo hearing in the circuit court. However, a dentist disciplined by the Board has a clear right to show by the evidence that the Board's action denied him due process. All boards, as well as courts, must observe that fundamental right. See Katz v. Alabama State Board of Medical Examiners, 351 So.2d 890 (Ala.1977). And this may be shown by evidence not included in the transcript of the proceedings before the Board. We cannot agree with the Court of Civil Appeals in holding that the statute precludes the introduction of independent or extraneous evidence in the circuit court to establish a claim that the Board acted unlawfully or arbitrarily or in such a manner as to deny Dr. King due process.
We, therefore, reverse and remand to the Court of Civil Appeals to determine whether the trial court erred in holding that the Board acted unlawfully or arbitrarily as shown by the evidence or in such a manner as to deny due process and, in making this determination, the Court of Civil Appeals is not limited to the proceedings before the Board.
REVERSED AND REMANDED.
*319 BLOODWORTH, MADDOX, FAULKNER, JONES, ALMON, EMBRY and BEATTY, JJ., concur.
TORBERT, C. J., concurs specially.
TORBERT, Chief Justice (concurring specially):
Section 34-9-25, Code 1975, formerly Title 46, § 120(30), provides for determination by the circuit court as to whether the order of the Board of Dental Examiners is unlawful or arbitrary. Such judicial determination may include a ruling on an allegation that the dentist was not afforded due process of law. However, as stated by the majority, section 34-9-25 does not provide for a de novo hearing in the circuit court.
Since a hearing in an action brought under section 34-9-25 to set aside an order of the Board is not de novo, the scope of review by the circuit court should be a determination as to whether the order is supported by the evidence introduced before the Board as well as other evidence presented to the circuit court. If so, the order should not be disturbed by the trial court. Further, I agree with the majority that, if denial of due process is alleged, the dentist has a clear right to introduce evidence not included in the transcript of the proceedings before the Board which tends to establish his claim.
Because the Court of Civil Appeals did not adopt this interpretation of the scope of review under section 34-9-25, it was unnecessary for that court to determine whether the trial court erred in holding that the Board acted unlawfully or arbitrarily or in such a manner as to deny Dr. King due process. Accordingly, by reversing the Court of Civil Appeals on this issue, it does not necessarily follow that the circumstances of this case mandate affirmance of the trial court decision.