As I see it, at issue in this appeal is not only whether the State Board of Medical Examiners' revocation of Dr. Ferguson's license to practice medicine was supported by a preponderance of the evidence but also whether the hearings before that Board were conducted so as to comport with the requirements of procedural due process of law. I find no suggestion in the record that any promulgated rules or regulations governing procedures similar to those conducted in this case exist or are in effect. Apparently, each hearing of this nature is conducted on an ad hoc basis and not in accord with established precedent to which reference may be made by one charged, or his or her counsel. As the record shows in this case, without established, orderly, and clear guidelines comporting with known precepts of trial procedures, chaos prevails, as it did in these proceedings.
No expert testimony was introduced which in any way reflected on the propriety or impropriety of Dr. Ferguson's prescribing practices in general or with regard to any particular patient. The record is also devoid of expert testimony showing an unwarranted endangerment of the health and safety of any of his patients.
Before revoking any certificate of qualification to practice medicine the Board of Medical Examiners is required to find a person guilty by a preponderance of the evidence propounded before the Board of any of the acts, offenses, or conditions which § 34-24-90, Code 1975, lists as grounds for such revocation. *Page 985 
The evidence before the Board related only to the amount and frequency of controlled substances prescribed for certain patients and Dr. Ferguson's testimony as to the basis of his decision to write certain prescriptions. From this evidence the Board concluded: (1) That Dr. Ferguson improperly and excessively prescribed controlled substances to patients; (2) That he used improper evaluation and diagnostic procedures; and (3) That he lacked sufficient medical knowledge to practice medicine. Clearly, the evidence before the Board affords no basis for finding Dr. Ferguson's practices were improper or that his medical knowledge was insufficient relative to proper medical practices or the requisite knowledge of medicine. Therefore, the record does not contain sufficient evidence to support the Board's order. The right to engage in the practice of medicine is a property right which may be denied by the State only if the requirements of due process are complied with. Greenfield v. Hamrick, 341 So.2d 136 (Ala. 1976); Barnesv. State ex rel. Ferguson, 274 Ala. 705, 151 So.2d 619 (1963).
In Katz v. Alabama State Board of Medical Examiners,351 So.2d 890 (Ala. 1977), the requirements of procedural due process in cases such as this one were stated:
 "`* * * an orderly proceeding appropriate to the case or adapted to its nature, just to the parties affected, and adapted to the ends to be attained; one in which a person has an opportunity to be heard, and to defend, enforce, and protect his rights before a competent and impartial tribunal legally constituted to determine the right involved; representation by counsel; procedure at the hearing consistent with the essentials of a fair trial according to established rules which do not violate fundamental rights, and in conformity to statutes and rules, conducted in such a way that there will be opportunity for a court to determine whether the applicable rules of law and procedure were observed; revelation of the evidence on which a disputed order is based and opportunity to explore that evidence, and a conclusion based on the evidence and reason. * * *'"
I would hold that these are minimum requirements of procedural due process which were not met in this case and which should be adhered to in every case. Absent an Administrative Procedures Act, I would have this court set the rules by which the Board would conduct proceedings of this nature.
That nature of due process is not afforded where the Board relies on its own expertise rather than presenting expert testimony by witnesses subject to cross-examination. See Garneyv. Anderson, 56 Ill. App.3d 677, 372 N.E.2d 151 (1978); Cleary, McCormick's Handbook of the Law of Evidence, § 353 (2d Ed. 1972).
In this case, because no expert evidence was introduced, not only was Dr. Ferguson deprived of an opportunity to cross-examine, explore, or refute such evidence, but the record furnishes no factual standard for the Board's conclusions and therefore no standard by which this court may determine whether his activities unwarrantedly endangered the health and safety of his patients. McKay v. State Board of Medical Examiners,103 Colo. 305, 86 P.2d 232 (1938).
I would reverse the order of the Alabama State Board of Medical Examiners revoking Dr. Ferguson's license and remand this matter to that Board for proceedings to accord with my expressed views.
FAULKNER and JONES, JJ., concur.