675 So.2d 371 (1996)
Ex parte Reneau L. GATES and Betty A. Gates.
(Re Reneau L. GATES and Betty A. Gates v. PALM HARBOR HOMES, INC., et al.)
1941351.
Supreme Court of Alabama.
January 26, 1996.
*372 Keith A. Howard of Howard, Dunn, Howard & Howard, Wetumpka, for Petitioners.
Michael L. Bell and Lee M. Hollis of Lightfoot, Franklin, White, L.L.C., Birmingham, for Palm Harbor Homes, Inc.
Dennis R. Bailey and William H. Webster of Rushton, Stakely, Johnston & Garrett, P.A., Montgomery, for Bilo Homes, Inc., and Charles Costner.
SHORES, Justice.
Reneau L. Gates and his daughter Betty A. Gates sued Bilo Homes, Inc., Charles Costner, and Palm Harbor Homes, Inc., alleging fraud in the sale of a mobile home, breaches of various warranties, and negligent or wanton installation. Judge Sibley Reynolds, of the Elmore Circuit Court, stayed the action and ordered the parties to arbitrate. The Gateses have petitioned for a writ of mandamus directing Judge Reynolds to vacate his order. We deny the writ.
*373 The Gateses purchased from the defendant Bilo Homes, Inc., a double-wide mobile home that had been manufactured by Palm Harbor Homes, Inc. Charles Costner was the salesman and general manager for Bilo Homes, Inc. The Gateses, after experiencing several structural problems with the mobile home, learned that it was not a new home when they bought it but had been sold previously to another buyer. They sued on November 22, 1992, alleging several defects in the home, particularly that the two halves of the double-wide home did not properly join and that the steel I-beams supporting the home were damaged. Their complaint alleged breach of express and implied warranties, fraud, negligent or wanton installation, and violation of the Magnuson-Moss Warranty Act, 15 U.S.C. 2301 et seq.
Palm Harbor answered the complaint on December 19, 1994; Bilo Homes and Costner answered and counterclaimed on January 12, 1995. On February 15, 1995, Bilo Homes and Costner filed a motion to compel arbitration; subsequently, Palm Harbor filed a motion adopting and incorporating by reference the motion filed by Bilo and Costner. The trial court on May 15, 1995, entered an order compelling arbitration. This petition for the writ of mandamus followed.
The trial court's order compelling arbitration was based upon an arbitration clause found on the back of the "Manufactured Home Retail Installment Contract and Security Agreement" signed by the Gateses and by Costner in his representative capacity as general manager of Bilo Homes. The installment contract lists Bilo Homes as "Seller, Secured Party" and Green Tree Financial Corporation as assignee.[1] The arbitration clause reads as follows:
"17. ARBITRATION: All disputes, claims, or controversies arising from or relating to this Contract or the relationships which result from this Contract, or the validity of this arbitration clause or the entire Contract, shall be resolved by binding arbitration by one arbitrator selected by Assignee with consent of Buyer(s). This arbitration Contract is made pursuant to a transaction in interstate commerce, and shall be governed by the Federal Arbitration Act at 9 U.S.C. Section 1. Judgment upon the award rendered may be entered in any court having jurisdiction. The parties agree and understand that they choose arbitration instead of litigation to resolve disputes. The parties understand that they have a right or opportunity to litigate disputes through a court, but they prefer to resolve their disputes through arbitration, except as provided herein. THE PARTIES VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT THEY HAVE TO A JURY TRIAL EITHER PURSUANT TO ARBITRATION UNDER THIS CLAUSE OR PURSUANT TO A COURT ACTION BY ASSIGNEE (AS PROVIDED HEREIN). The parties agree and understand that all disputes arising under case law, statutory law, and all other laws including, but not limited to, all contract, tort, and property disputes, will be subject to binding arbitration in accord with this Contract. The parties agree and understand that the arbitrator shall have all powers provided by the law and the Contract. These powers shall include all legal and equitable remedies, including, but not limited to, money damages, declaratory relief, and injunctive relief. Notwithstanding anything hereunto to the contrary [sic], Assignee retains an option to use judicial or non-judicial relief to enforce a security agreement relating to the Manufactured Home secured in a transaction underlying this arbitration agreement, to enforce the monetary obligation secured by the Manufactured Home or to foreclose on the Manufactured Home. Such judicial relief would take the form of a lawsuit. The institution and maintenance of an action for judicial relief in a court to foreclose upon any collateral, to obtain a monetary judgment, or to enforce the security agreement shall not constitute a waiver of the right of any party to compel arbitration regarding any other dispute or remedy subject to arbitration in this Contract, including the filing of a counterclaim in a suit brought by Assignee pursuant to this provision."
*374 A petition for a writ of mandamus is the appropriate means by which to challenge a trial court's order compelling arbitration. Ex parte Alexander, 558 So.2d 364 (Ala.1990). Mandamus is an extraordinary remedy and requires a showing that there is: "(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte Edgar, 543 So.2d 682, 684 (Ala.1989); Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala.1991); Ex parte Johnson, 638 So.2d 772, 773 (Ala.1994).
We note initially that we find no merit to the Gateses' contention that the defendants waived any right to proceed under the arbitration clause. While a party's substantial invocation of the litigation process is a factor that may tend to show that the party has waived the right to arbitrate, that factor must be accompanied by a showing that the party opposing arbitration has been prejudiced by the other party's participation in the litigation. Ex parte Merrill Lynch, Pierce, Fenner & Smith, Inc., 494 So.2d 1 (Ala.1986). The motions to compel arbitration were timely filed, shortly after the United States Supreme Court ruled in Allied-Bruce Terminix Companies v. Dobson, 513 U.S. ___, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995), and no prejudice to the plaintiffs has been shown in this case.
In Allied-Bruce Terminix, the United States Supreme Court held that the Federal Arbitration Act, 9 U.S.C. §§ 1-15, governs all contracts within Congress's Commerce Clause power. This holding significantly changed arbitration law in Alabama, because § 8-1-41(3), Ala.Code 1975, precludes the specific enforcement of a predispute arbitration agreement unless federal law preempts state law.
The United States Supreme Court's ruling in Allied-Bruce Terminix reversed an earlier decision by this Court holding that the FAA was inapplicable in that case because the connection between the termite protection agreement involved in that case and interstate commerce was too slight, specifically because the parties had not contemplated substantial interstate activity when they entered into the agreement. Allied-Bruce Terminix Companies v. Dobson, 628 So.2d 354, 356 (Ala.1993). In reversing the judgment of this Court, the United States Supreme Court held that the FAA did apply to the termite protection agreement and required enforcement of its arbitration provision, stating that the language of § 2 of the FAA, making enforceable an arbitration provision in "a contract evidencing a transaction involving commerce," is applicable "to the limits of Congress' Commerce Clause power." 513 U.S. at ___, 115 S.Ct. at 837; see Lopez v. Home Buyers Warranty Corp., 670 So.2d 35 (Ala.1995); Terminix International Co. Limited Partnership v. Jackson, 669 So.2d 893 (Ala.1995). See, Henry C. Strickland, Allied Bruce Terminix, Inc. v. Dobson: Widespread Enforcement of Arbitration Agreements Arrives in Alabama, 56 Ala. Law. 238 (1995).
Did the trial court properly compel arbitration? The answer to that question is a matter of contract interpretation, which is guided by considering the intent of the parties to the mobile home sales contract. Thus, the essential question is whether the arbitration clause in that contract applies to the Gateses' claims. Id.
The arbitration clause, quoted above, is very broad; it provides that "[a]ll disputes, claims, or controversies arising from or relating to this Contract or the relationships which result from this Contract, or the validity of this arbitration clause or the entire Contract, shall be resolved by binding arbitration."
The Gateses allege in their complaint that the defendants made misrepresentations and concealed material facts in order to induce them to purchase the mobile home and that they relied on the defendants' misrepresentations in signing the documents to purchase the home. They also allege that the defendants breached warranties made to them at the time of their purchase, and they allege that they have performed all of their obligations under their "contract" with the defendants. Thus, the Gateses' claims are asserted in connection with the installment *375 contract that sets forth the terms and conditions for financing the sale of the mobile home. The contract evidences a transaction involving interstate commerce. Thus, the FAA is applicable and preempts state law.
For the reasons stated above, and on the authority of the United States Supreme Court's ruling in Allied-Bruce Terminix, we hold that the trial court did not err in compelling arbitration of the Gateses' claims. The petition for the writ of mandamus is due to be denied.
WRIT DENIED.
KENNEDY and COOK, JJ., concur.
HOOPER, C.J., and MADDOX, J., concur in the result.
MADDOX, Justice, concurring in the result.
I concur in the result only because the judgment of the trial court is affirmed. I do not agree that Allied-Bruce Terminix Companies v. Dobson, [Ms. 1920473, Nov. 3, 1995] ___ So.2d ___ (Ala.1995), correctly states the federal law applicable to arbitration. See my special opinion in that case. ___ So.2d at ___.
NOTES
[1] Green Tree is not a defendant in this action.