723 So.2d 1274 (1998)
CROWN PONTIAC, INC., d/b/a Crown Nissan
v.
Bessie SAVAGE.
2970713.
Court of Civil Appeals of Alabama.
October 23, 1998.
John Martin Galese and Jeffrey L. Ingram of John Martin Galese, P.A., Birmingham, for appellant.
No brief filed for appellee.
CRAWLEY, Judge.
Bessie Savage purchased a motor vehicle from Crown Pontiac, Inc., d/b/a Crown Nissan, in September 1995. In September 1997, Savage sued Crown in the Jefferson District Court, alleging breach of warranty and complaining that her vehicle was continuously breaking down. Crown moved to compel Savage to submit her claim to binding arbitration; the district court denied the motion. Crown appealed to the circuit court, which also denied the motion to compel arbitration. Crown appeals.
The sales contract between Savage and Crown contained an arbitration clause reading as follows:

"Section E. Crown Pontiac-Nissan and Customer/Lessee, mutually covenant and agree, in connection with the resolution of any dispute arising out of the contract(s) entered into by the parties of even date herewith, of and concerning the below described motor vehicle, as follows:

"That the vehicle described below was manufactured outside of Alabama; has operated and will continue to operate on interstate highways; has been traveling in interstate commerce; the manufacture, lease, sale and use thereof has been and will continue to be regulated by laws of the United States of America; and, that the contract(s) entered into by the parties this date evidence transactions involving interstate commerce.

"Crown Pontiac-Nissan and Customer/Lessee agree that all disputes resulting from or arising out of the sale/lease transaction entered into, (including but not limited to: the terms of this agreement, its breadth and scope, and any term of any agreement contemporaneously entered into by the parties concerning the above described goods or services acquired or leased by the customer/lessee); the condition of the motor vehicle; the conformity of the motor vehicle sold or leased to the contract of sale or lease; the representations, promises, undertakings or dealing with the motor vehicle; the terms of financing in connection therewith, or the lease terms in connection herewith; any terms or provisions of any extended service contract purchased simultaneously herewith, that Crown Pontiac-Nissan and the customer/lessee agree to submit such dispute(s) to binding arbitration, pursuant to the provisions of the Federal Arbitration Act, 9 U.S.C. § 1, et seq. and according to the Commercial Rules of the American Arbitration Association then existing in Jefferson County, Alabama, except that *1275 the arbitrator or arbitrators impaneled to arbitrate this matter shall be selected by the parties to this agreement from lists of suitable arbitrators supplied by the American Arbitration Association. The Alabama Rules of Evidence shall apply. The prepaid arbitration filing fees and costs of the arbitration proceeding shall be paid by the party seeking affirmative relief.
"Crown Pontiac-Nissan and the customer/lessee acknowledge that they are agreeing to resolve any dispute between them arising out of or in connection with the lease or purchase of the vehicle described below, by binding arbitration, rather than by litigation in any court."

(Emphasis added.)
Savage's pro se complaint alleged that the vehicle was "continuously breaking down." The arbitration clause at issue is very broad and expressly includes disputes involving "the condition of the motor vehicle." Therefore, we conclude that Savage's claim is subject to arbitration. Ex parte Gates, 675 So.2d 371 (Ala.1996). The trial court erred by denying Crown's motion to compel arbitration. The trial court's order denying that motion is reversed, and the cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES and THOMPSON, JJ., concur.
MONROE, J., concurs specially.
MONROE, Judge, concurring specially.
I write to point out that if Bessie Savage had shown that she was unaware that she had signed an arbitration agreement, or that she did not understand what was meant by the agreement to arbitrate, or the arbitration clause was not pointed out to her when she signed the sales contract, then this case would present more difficult issues for us to consider. However, the only issue appears to be whether Savage's allegation that her vehicle was "continuously breaking down" was a proper subject for arbitration under the terms of the sales contract. I agree with the majority that it is, therefore, I concur.