Darlene M. THOMAS, Plaintiff,

v.

REDMAN MANUFACTURED HOMES,
INC., et al., Defendants.

No. CIV.A. 02–A–1242–N.

United States District Court,
M.D. Alabama,
Northern Division.

Feb. 6, 2003.

Samuel Lamar Adams, Dothan, AL, for
Plaintiffs.

David L. Selby, II, Birmingham, AL,
Paul M. James, Jr., Montgomery, AL, for
Defendants.

## MEMORANDUM OPINION

ALBRITTON, Chief Judge.

### I. FACTS AND PROCEDURAL HISTORY

This cause is before the court on a Motion to Vacate, Alter, or Amend Arbitration Order filed by Defendant Redman Manufactured Homes, Inc. ("Redman") on January 27, 2002 (Doc. # 14)

The Plaintiff, Darlene Thomas, originally filed her Complaint on October 3, 2002 ·in the Circuit Court of Bullock County, Alabama. In the Complaint, the Plaintiff alleges claims under the Magnuson–Moss Warranty Act, 15 U.S.C. § 2301 et seq., and Alabama state law for fraud, negligence, and breach of various warranties. These claims arise from the Plaintiff's purchase of a Redman manufactured home from Defendant BQ & S Home Center, Better Service Home Center ("BQ & S").

On May 20, 2002, the Defendants removed the case to this court based upon federal question and supplemental jurisdiction (Doc. # 1). Following removal, BQ & S filed a Motion to Compel Arbitration and to Stay Proceedings on January 9, 2003 (Doc. # 9). The court subsequently granted this motion after the Plaintiff indicated that she had no objection to arbitrating her claims pursuant to the arbitration clause in her security agreement with BQ & S. (Doc. # 13). Redman responded to this Order by filing a Motion to Vacate, Alter, or Amend the court's Arbitration Order (Doc. # 14). Redman points out that it was not a party to the arbitration agreement signed by the Plaintiff and BQ & S; thus, it requests that the court amend its Order to clarify that arbitration is compelled only as to the Plaintiff's claims against BQ & S. In response, the Plaintiff contends that the arbitration clause is enforceable against Redman not-

withstanding the fact that Redman never signed the security agreement.

For the reasons to be discussed, Redman's Motion to Vacate, Alter, or Amend Arbitration Order is due to be GRANTED.

## II. *ARBITRATION STANDARD*

Pursuant to the Federal Arbitration Act, a written arbitration "provision in any ... contract evidencing a transaction involving commerce ... [is] valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Section 4 of the FAA allows a "party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement" to petition the court "for an order directing that such arbitration proceed." 9 U.S.C. § 4. When a court is "satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue," the court is required to "make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." *Id.*

## III. *DISCUSSION*

In *First Options v. Kaplan*, 514 U.S. 938, 944, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995), the Supreme Court explained that a court should generally look to state-law principles when analyzing whether the parties have agreed to arbitrate a certain matter. Accordingly, this court will apply Alabama law in deciding the central issue in this case: whether a signatory to an arbitration agreement may compel a non-signatory to arbitrate its claims or defenses against the signatory.

The Alabama Supreme Court recently answered this question in *Ex Parte Tony's Towing, Inc.*, 825 So.2d 96 (Ala.2002). In *Tony's Towing*, the plaintiff sued various parties for defects in her manufactured home. *Id.* at 97. Even though only the plaintiff and seller signed the sales contract containing the arbitration clause, the trial court ordered arbitration as to all defendants. *Id.* Tony's Towing, Inc., one of the non-signatory defendants, objected to the imposition of arbitration because it did not sign the contract. *Id.* On appeal, the Alabama Supreme Court held that a signatory to an arbitration agreement cannot compel an objecting non-signatory to arbitrate its claims. *Id.* at 98.

Although the court previously recognized the right of a non-signatory to enforce an arbitration agreement against a signatory when the non-signatory's claims are sufficiently "intertwined with" and "related to" the contract containing the arbitration provision, the court explained that the underlying basis for this rule—equitable estoppel—is not present when the situation is reversed. *See id.* at 98–99; *Southtrust Bank v. Ford*, 2002 WL 1003515, at *4 (Ala. May 17, 2002) ("[T]he doctrine of estoppel is applicable only to estop a signatory from avoiding arbitration."). More specifically, when a non-signatory attempts to enforce an arbitration agreement against a signatory, courts have estopped the signatory from denying the existence of the arbitration provision when the non-signatory's claims are intertwined with the agreement that the estopped party has signed.[1] *Id.* at 99 (citing *Thomson–CSF, S.A. v. American Arbitration Ass'n*, 64 F.3d 773, 779 (2d Cir.1995)). In the re-

---

1. The Plaintiff's argument that *Ex Parte Stamey*, 776 So.2d 85 (Ala.2000) and *Ex Parte Gates*, 675 So.2d 371 (Ala.1996), control the outcome of this case is unpersuasive. In both *Stamey* and *Gates*, the issue was whether a non-signatory could enforce an arbitration agreement against a signatory. *See Stamey*, 776 So.2d at 89; *Gates*, 675 So.2d at 374–75. This case presents the very different question of whether a signatory can enforce an arbitration agreement against a non-signatory.

verse situation—when the signatory attempts to enforce an arbitration clause against a non-signatory—the non-signatory has never agreed to arbitrate anything, thus it cannot be estopped from avoiding an arbitration clause that simply does not exist. *See id.* at 98; *Crayton v. Conseco Fin. Corp.-Ala.*, 2002 WL 31883094, *6–7 (M.D.Ala. Dec.20, 2002) (discussing the rule announced in *Tony's Towing* ).

This case presents the same basic factual situation as *Tony's Towing.* The Plaintiff (signatory) asks the court to order Redman (non-signatory) to submit its claims and defenses to arbitration pursuant to the security agreement signed by the Plaintiff and BQ & S. Nevertheless, such an order is forbidden under the holding of *Tony's Towing.* Redman did not sign the arbitration agreement as issue, thus it cannot be estopped from "denying the existence of an arbitration clause to which it is a signatory because no such clause exists." *Tony's Towing*, 825 So.2d at 99 (quoting *Thomson–CSF, S.A.*, 64 F.3d at 779 (2d Cir.1995)). Accordingly, Redman's Motion to Vacate, Alter, Amend the court's January 15, 2003 Arbitration Order is due to be GRANTED. A separate Order will be entered accordingly.

### *ORDER*

In accordance with the Memorandum Opinion entered in this case on this day, it is hereby ORDERED as follows:

1. The Motion to Vacate, Alter, or Amend January 15, 2003 Arbitration Order (Doc. # 14), filed by the Defendant, Redman Homes, Inc. on January 27, 2003, is GRANTED, and this court's order of January 15, 2003 (Doc. # 13) is VACATED and SET ASIDE.

2. The Motion to Compel Arbitration and to Stay Proceedings, filed by the Defendant BQ & S Home Center, Better Service Home Center, on January 9, 2003, is GRANTED to the extent that the motion applies to that Defendant.

3. Plaintiff is DIRECTED to submit her claims against BQ & S Home Center, Better Service Home Center, to arbitration under the terms and conditions of her Retail Purchase Contracts.

4. This case is STAYED as to Plaintiff's claims against Defendant BQ & S Home Center, Better Service Home Center, until the conclusion of arbitration. The Plaintiff and Defendant, BQ & S Home Center, Better Service Home Center, are DIRECTED to advise the court in writing when arbitration has been concluded and those claims may be dismissed.

5. Counsel for the Plaintiff and the Defendant, Redman Homes, Inc., are DIRECTED to confer concerning whether the Plaintiff's claims against that Defendant should now proceed to trial under the scheduling order previously entered, or whether this entire case should be stayed pending the conclusion of arbitration between the Plaintiff and the Defendant BQ & S Home Center, Better Service Home Center. Those parties are further DIRECTED to file with the court **no later than February 21, 2003** a Report advising the court of any joint request they may have in this regard, or if they are unable to agree on a request, of their respective positions. Counsel may contact the court to request a status conference on this issue, either in person or by telephone, if they wish.