LYONS, Justice.
Basil Timothy Case filed a petition for a writ of mandamus requesting that this Court direct the Alabama State Bar to set aside a restraining order entered against him suspending him, on an interim basis, from practicing law or to dissolve that order pursuant to Rule 20, Ala. R. Disc. P. Case was suspended pursuant to the Alabama Rules of Disciplinary Procedure, which allow for an ex parte interim suspension, that is, an order of suspension *958 entered without either notice to the affected lawyer or an opportunity to be heard.

Factual Background and Procedural History

Rule 20(a), Ala. R. Disc. P., states:
“On petition of the General Counsel, supported by an affidavit demonstrating facts personally known to the affiant, showing that a lawyer has been convicted of a serious crime, as defined in Rule 8 of these Rules, or that the lawyer’s continuing conduct is causing, or is likely to cause, immediate and serious injury to a client or to the public, or showing that grounds for summary suspension as defined in Rule 8(e) exist, the Disciplinary Commission may issue an order temporarily suspending the lawyer. General Counsel shall immediately file with the Alabama Supreme Court a copy of the order.”
On September 27, 2004, the Bar petitioned the Disciplinary Commission to enter an order of interim suspension for Case based on 10 pending complaints against him and his history of discipline with the Bar. The Disciplinary Commission entered an order on September 27 temporarily suspending Case from the practice of law and restraining him from maintaining an attorney trust account. Case learned about the suspension when the Bar’s Office of General Counsel faxed him a copy of the order on the afternoon of September 27. On September 28, the Lauderdale Circuit Court appointed a trustee to inventory Case’s files, manage his trust and fiduciary accounts, and protect the interests of his clients. Case filed a petition that same day with the Disciplinary Commission to dissolve the order of interim suspension. On September 30, the trustee notified Case’s clients of his suspension.
Case maintains that his petition to dissolve the order of interim suspension was a “triggering event” that should have resulted in a hearing on the merits of his interim suspension within seven days of his filing the petition, pursuant to Rule 20(d), Ala. R. Disc. P.[1] The Bar contends in its response that during negotiations between Case and the Bar, Case and the attorney then representing him waived his right to such a hearing, but Case denies that he ever did so. No evidence of any waiver is before this Court. Case states that the Bar’s general counsel also failed to file formal charges against him within 28 days after the date of his interim suspension. Rule 20(c)(5), Ala. R. Disc. P., provides that if formal charges are not filed within 28 days, an interim suspension must be terminated. Case’s suspension, however, remained in force.
On April 8, 2005, new counsel representing Case filed a second petition for dissolution or termination of his interim suspension. The Disciplinary Commission conducted an evidentiary hearing that began on April 18, 2005. During the hearing, the Bar sought to introduce evidence concerning additional complaints it said it had received against Case after the September 27 order of interim suspension was entered. The hearing was continued for the hearing officer to determine the admissibility of the evidence of the additional complaints. On April 26, 2005, the hearing officer entered an order limiting the scope of evidence to be presented when the hearing resumed on May 2 to only those grievances that were the basis *959 of the September 27 petition for interim suspension. That same day, April 26, the Bar filed a new petition seeking an order of interim suspension for Case that was based on the additional complaints against Case received after September 27. On April 27, 2005, the Disciplinary Commission entered a second ex parte order temporarily suspending Case from the practice of law and restraining him from maintaining an attorney trust account. Also on April 27, the Bar filed a motion to dismiss or dissolve the September 27 order of interim suspension because it had been superseded by the April 27 order; that motion was granted.
On May 6, 2005, Case petitioned the Montgomery Circuit Court for declaratory and injunctive relief. In his petition to this Court, he says he presented evidence to the court indicating his ongoing and substantial efforts to correct the effects of his alleged negligence that resulted in the complaints. Judge Charles Price issued a temporary restraining order (“TRO”) on May 6 prohibiting the enforcement of the Bar’s April 27 order or of any other order that “seeks to or purports to suspend, limit, prevent, or hinder [Case] from engaging in the practice of law.” The Bar states in its response to Case’s petition for the writ of mandamus that the TRO was entered without notice to the Bar and without allowing the Bar an opportunity to appear and be heard. The case was ultimately assigned to Judge Truman M. Hobbs.
On May 10, the Bar filed a petition for a writ of mandamus with this Court challenging Case’s petition in the circuit court on the ground that the Bar has exclusive jurisdiction in matters of lawyer discipline. On May 16, the TRO entered by Judge Price expired as a matter of law. This Court ordered the parties to mediate, but mediation efforts were not successful. On May 25, the Bar filed formal charges against Case in 50 cases, alleging numerous violations of the Alabama Rules of Professional Conduct. On June 2, Judge Hobbs held a hearing during which he informed the parties that he had concluded that the circuit court did not have jurisdiction to hear matters involving lawyer discipline. He entered an order on June 3 dismissing Case’s petition. Shortly after Judge Hobbs entered that order, this Court granted the Bar’s motion to dismiss its mandamus petition.
Case appealed the dismissal of his petition for injunctive relief and applied for a stay of enforcement of the Bar’s April 27 order. This Court denied the motion for a stay, noting that our order denying the stay did not preclude mandamus review by this Court. Case’s appeal remains pending. Case then filed the mandamus petition currently before us. He requests that we direct the Bar to set aside its April 27 order of interim suspension pending further orders of this Court, or, alternatively, that we exercise supervisory jurisdiction over proceedings before the Bar and dissolve the order. The Bar filed a motion to dismiss and a memorandum brief in response to Case’s mandamus petition, together with several exhibits.

Standard of Review

“Mandamus is an extraordinary remedy and requires a showing that there is: ‘(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ ”
Ex parte Gates, 675 So.2d 371, 374 (Ala.1996) (quoting Ex parte Edgar, 543 So.2d 682, 684 (Ala.1989)). “A writ of mandamus will issue only in situations where other relief is unavailable or is inadequate, and it *960 cannot be used as a substitute for appeal.” Ex parte Empire Fire & Marine Ins. Co., 720 So.2d 893, 894 (Ala.1998) (citing Ex parte Drill Parts & Serv. Co., 590 So.2d 252 (Ala.1991)).

Analysis

. Case argues that in depriving him of his law practice, in which he had a property-right, without notice and an opportunity to be heard the Bar denied him the due-process rights guaranteed by the Alabama and United States Constitutions. Although the Bar relied upon Rule 20(a), Ala. R. Disc. P., in temporarily suspending him, Case insists that when this Court adopted the Alabama Rules of Disciplinary Procedure, we did not, and indeed could not, suspend operation of §§ 10 and 13 of the Alabama Constitution of 1901 or the Due Process Clause of the Fourteenth Amendment to the United States Constitution. The two orders of interim suspension obtained by the Bar have resulted in a complete loss of his law practice for over a year, Case says, and he did not receive notice of the suspension proceedings or have an opportunity to be heard before the initial suspension was imposed.
The Bar argues that Case has deliberately bypassed the remedies and process afforded him under the Alabama Rules of Disciplinary Procedure, which the Bar maintains were established by this Court as a comprehensive procedural framework that provides due process to the lawyer and adequately protects the public, the profession,' and the administration of justice, and, therefore, it argues, he cannot meet the requirements necessary to obtain the extraordinary remedy of a writ of mandamus. The Bar insists that Case has not properly invoked the jurisdiction of the Disciplinary Board by filing a request for dissolution of the April 27, 2005, order of interim suspension, and, thus, it says, he does not have a clear legal right to the relief sought and the Disciplinary Board does not have an imperative duty to act. See Rule 20(d), Ala. R. Disc. P.[2]
“It is well settled law that due process must be observed by all boards, as well as courts.” Katz v. Alabama State Bd. of Med. Exam’rs, 351 So.2d 890, 892 (Ala.1977); see also State Tenure Comm’n v. Madison County Bd. of Educ., 282 Ala. 658, 213 So.2d 823 (1968). In Katz this Court stated that procedural due process requires
“‘an orderly proceeding appropriate to the case or adapted to its nature, just to the parties affected, and adapted to the ends to be attained; one in which a person has an opportunity to be heard, and to defend, enforce, and protect his rights before a competent and impartial tribunal legally constituted to determine the right involved; representation by counsel; procedure at the healing consistent with the essentials of a fair trial according to established rules which do not violate fundamental rights, and in conformity to statutes and rules, conducted in such a way that there will be opportunity for a court to determine whether the applicable rules of law and procedure were observed; revelation of the evidence on which a disputed order is based and opportunity to explore that *961 evidence, and a conclusion based on the evidence and reason.’ ”
351 So.2d at 892 (quoting 2 Am.Jur.2d Administrative Law § 353). In Katz this Court held unconstitutional a statute authorizing the revocation or suspension of a certificate to practice medicine in Alabama without notice to the physician and an opportunity for the physician to be heard. “The right to engage in the practice of medicine in Alabama is a property right that may be denied only if the denial is consonant with due process of law.” 351 So.2d at 893.
Likewise, we conclude that the right to engage in the practice of law in Alabama is a property right that may be denied only if the denial comports with the procedural due process of law guaranteed by the Alabama and United States Constitutions. We recognize that in entering the order of interim suspension the Bar was merely following the disciplinary rule that this Court itself adopted. However, Case is correct when he argues that in adopting rules governing the discipline of lawyers, this Court cannot infringe upon constitutional rights.
Substantial caselaw supports the position that one who possesses a property right in his or her professional license cannot be deprived of that license without notice and an opportunity to be heard. In In re Ruffalo, 390 U.S. 544, 88 S.Ct. 1222, 20 L.Ed.2d 117 (1968), the United States Supreme Court examined disbarment proceedings in Ohio against a lawyer who had been accused of misconduct. The Supreme Court held that disbarment, although designed to protect the public, is a punishment imposed on the lawyer, who accordingly is entitled to procedural due process, which includes notice of the charges against him or her and an opportunity to be heard on those charges. 390 U.S. at 550-51, 88 S.Ct. 1222. The Supreme Court rejected an argument that there had been no due-process violation because the lawyer had been given several months to respond to the charges after the disbarment proceedings had occurred. Likewise, the Supreme Court has held that even a prompt hearing following the deprivation is not adequate when an ex parte restraining order has been issued. Carroll v. President & Comm’rs of Princess Anne, 393 U.S. 175, 184, 89 S.Ct. 347, 21 L.Ed.2d 325 (1968) (“But this procedural right [to a hearing on not more than two days’ notice] does not overcome the infirmity in the absence of a showing of justification for the ex parte nature of the proceedings.”).
We now turn to the question whether the ex parte interim suspension deprived Case of due process. We conclude that it did. Rule 20(a), Ala. R. Disc. P., provides for an interim suspension in three instances: (1) if the lawyer has been convicted of a “serious crime” as that term is defined in Rule 8, Ala. R. Disc. P.; (2) if the lawyer’s conduct “is causing, or is likely to cause, immediate and serious injury to a client or to the public”; or (3) if grounds for summary suspension as defined in Rule 8(e) exist.[3] We are not here presented with facts implicating the due-process rights of a lawyer who has been convicted of a “serious crime.” We note that in that instance, the lawyer so suspended has received notice of the criminal charges against him or her and has had an opportunity to be heard on those charges. Several of the cases cited by the Bar in support of its current ex parte suspension procedure involve circumstances in which *962 an indictment for, or conviction of, a crime was at issue. See, e.g., FDIC v. Mallen, 486 U.S. 230, 108 S.Ct. 1780, 100 L.Ed.2d 265 (1988) (bank president indicted for making false statements to the FDIC; Supreme Court upheld ex parte order obtained by FDIC suspending Mallen as president of the bank where he was employed); In re Reiner’s Case, 152 N.H. 163, 872 A.2d 1038 (2005) (interim suspension followed by a postsuspension hearing for a lawyer who had been indicted comported with due process). The Bar also cites In re Lamm, 116 N.C.App. 382, 448 S.E.2d 125 (1994), in which the North Carolina Court of Appeals held that a summary suspension procedure for a lawyer impaired because of alcohol or drug abuse, where a prompt postdeprivation hearing could be obtained and the maximum suspension period was 180 days, satisfied the requirements of due process. We note with interest, however, the concluding comments of the North Carolina Court of Appeals:
“We note with approval that the Council of the North Carolina State Bar has, apparently as a result of the concerns raised by appellant in this case, proposed that Article VI, Section 5.i. of the State Bar Rules be revised to provide for presuspension notice and hearing except in emergency circumstances. See The North Carolina State Bar Newsletter, Vo. 19, No. 3, p. 9. While we hold that the procedures prescribed by the current rule, and employed in this case, meet the minimal requirements of due process under our State and federal constitutions, we commend the State Bar for providing increased safeguards for the rights of attorneys while continuing its efforts to protect the public from, and provide assistance to, practitioners impaired by alcoholism or other substance addictive illness.”
116 N.C-App. at 389, 448 S.E.2d at 130-31 (emphasis added).
Rule 4:01, § 12A, of the Rules of the Supreme Judicial Court of Massachusetts provides:
“Upon the filing with this court of a petition by the bar counsel alleging facts showing that a lawyer poses a threat of substantial harm to clients or prospective clients, or that the lawyer’s whereabouts are unknown, this court shall enter an order to show cause why the lawyer should not be immediately suspended from the practice of law pending final disposition of any disciplinary proceeding commenced by the bar counsel. The court or a justice, after affording the lawyer opportunity to be heard, may make such order of suspension or restriction as protection of the public may make appropriate. In the interest of justice, the court, upon application of the lawyer, may terminate such suspension at any time after affording the bar counsel an opportunity to be heard.”
The Supreme Judicial Court of Massachusetts has held that the foregoing rule satisfies the requirements of due process:
“We recognized that the ‘fundamental requisite of due process’ on temporary suspension is ‘an opportunity to be heard at a meaningful time and in a meaningful manner’ (citation omitted). [Matter of Kenney, 399 Mass. 431,] 435, 504 N.E.2d 652, [655 (1987) ]. This requirement is satisfied, we concluded, by the rule’s provisions for presuspension notice and a hearing, together with the availability of postsuspension review. Id. at 436, 504 N.E.2d [at 655].”
In re Abrams, 436 Mass. 650, 654, 767 N.E.2d 15, 18-19 (2002).
This Court has the inherent authority to admit lawyers to the practice of law, to approve or disapprove any rule governing lawyers’ conduct, to inquire into *963 matters of any disciplinary proceeding, and to take any action it sees fit in disciplinary matters. Board of Comm’rs of the Alabama State Bar v. State ex rel. Baxley, 295 Ala. 100, 324 So.2d 256 (1975); Simpson v. Alabama State Bar, 294 Ala. 52, 311 So.2d 307 (1975). We conclude that under the circumstances of this case, we should exercise that authority to grant Case’s petition for a writ of mandamus and direct the Bar to dissolve the existing order of interim suspension against Case.
After considering all of the foregoing, we conclude that a rule that would allow for the interim suspension of a lawyer who has not been convicted of a “serious crime” only after notice and an opportunity to be heard in all but genuine emergency circumstances would both provide the affected lawyer with the necessary minimum requirements of due process and allow the Bar to fulfill its duty to protect the public from harm.[4] In fashioning such a rule, we draw upon the protections provided for in Rule 65(b), Ala. R. Civ. P.:
“A temporary restraining order may be granted without written or oral notice to the adverse party or that party’s attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party’s attorney can be heard in opposition, and (2) the applicant’s attorney certifies to the court in tenting the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.”
(Emphasis added.) We are today by separate order revising Rule 20(a) and Rule 20(d) of the Alabama Rules of Disciplinary Procedure to read as follows:
Rule 20(a)
“(a) Grounds for Suspension — With and Without Notice.
“(1) Conviction of a Serious Crime. The Disciplinary Commission may issue an order temporarily suspending the lawyer without written or oral notice to the' lawyer on petition of the General Counsel, supported by an affidavit demonstrating facts personally known to the affiant, showing that a lawyer has been convicted of a serious crime, as defined in Rule 8 of these Rules.
“(2) Other Circumstances. The Disciplinary Commission may issue an order temporarily suspending the lawyer without written or oral notice to the lawyer on petition of the General Counsel, only if (i) it clearly appears from specific facts shown by affidavit demonstrating facts personally known to the affiant that the lawyer’s continuing conduct is causing, or is likely to cause, immediate and serious injury to a client or to the public, or showing that grounds for summary suspension as defined in Rule 8(e) exist, and (ii) General Counsel certifies to the Disciplinary Commission in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required. Unless the Disciplinary Commission is satisfied by the showing made pursuant to subsection (ii) above that suspension without notice is warranted under the circumstances, a lawyer, other than one convicted of a *964 serious crime, shall not be suspended without notice and an opportunity to be heard.”
Rule 20(d)
(d) Dissolution or Amendment of Interim or Summary Suspension. The lawyer may request dissolution or amendment of an order of suspension or summary suspension entered without notice by filing a petition with the Disciplinary Board, a copy of which petition shall be served on the General Counsel. The petition shall be set for hearing before the Disciplinary Board within seven (7) days of its filing. The Disciplinary Board shall decide the petition with the utmost speed consistent with due process. The Disciplinary Board may modify the order of suspension, if appropriate, and continue such provisions of that order as may be appropriate until final disposition of all disciplinary charges against the lawyer. An appeal may be taken from decisions of the Disciplinary Board as provided in Rule 12(f) and (g); however, the suspension will not be stayed during the appeal process.”
The amendments to Rule 20(a) and (d) are effective immediately. Thus, any further proceedings to secure an interim suspension against Case must comply with Rule 20 as modified.
We therefore deny the Bar’s motion to dismiss this case, grant Case’s petition for the writ of mandamus, and direct the Disciplinary Board to dissolve the order of interim suspension entered against Case on April 27, 2005.
MOTION TO DISMISS DENIED; PETITION GRANTED; WRIT ISSUED.
SEE, HARWOOD, WOODALL, STUART, SMITH, BOLIN, and PARKER, JJ., concur.

. Rule 20(d), Ala. R. Disc. P., states, in pertinent part:
"The lawyer may request dissolution or amendment of an order of interim suspension or summary suspension by filing a petition with the Disciplinary Board, a copy of which petition shall be served on the General Counsel. The petition shall be set for hearing before the Disciplinary Board within seven (7) days of its filing.”

. Rule 20(d) states, in pertinent part:
"The lawyer may request dissolution or amendment of an order of suspension or summary suspension by filing a petition with the Disciplinary Board.... The petition shall be set for hearing before the Disciplinary Board within seven (7) days of its filing. The Disciplinary Board shall decide the petition with the utmost speed consistent with due process.... An appeal may be taken from decisions of the Disciplinary Board as provided in Rule 12(f) and (g); however, the suspension process will not be stayed during the appeal process.”

. Rule 8(e), Ala. R. Disc. P., provides for the summary suspension of a lawyer who fails to pay any ordered assessment, costs, or restitution or who fails to participate in disciplinary proceedings or to respond to requests for information concerning a disciplinary matter.

. It appears that only a distinct minority of states allows for the interim suspension of a lawyer without notice as Alabama currently does. We asked the Bar to furnish information about similar rules in other jurisdictions, and its response indicates that only 9 of 50 states have a similar rule.